HENDRY, Judge.
Appellant, defendant below, was charged with the offense of grand larceny by obtaining money by color or aid of fraudulent or false representations or pretenses in violation of § 811.021, Fla.Stat., F.S.A. Having entered a plea of not guilty and waived trial by jury, the defendant was tried by the court, adjudicated guilty and sentenced to a term of five years in the state penitentiary. The basis of defendant’s primary point on appeal is that he was denied the right to be present at his trial in contravention of the provisions of § 914.01, Fla.Stat, F.S.A.
The trial of this cause was conducted in four separate hearings, commencing on July 6, 1966. The defendant was present in the courtroom at all times during the first hearing. On July 11, 1966, the date of the second hearing, the defendant was conspicuously absent at the start of proceedings. When questioned by the court regarding the defendant’s whereabouts, counsel for the defense informed the court that the defendant was in New York and was unable to obtain transportation to Miami because of a continuing strike by airline employees. However, defense counsel specifically waived defendant’s presence, and the trial proceeded. The testimony of *93 two witnesses for the prosecution was heard in the defendant’s absence. On November 4, 1966, the date of the next succeeding hearing, the defendant was again present in the courtroom during the entire proceedings, and in fact, never again was he absent during the hearing of his case.
At the beginning of the proceedings on November 4, a list of witnesses who had previously given testimony in the case was read aloud by the clerk. Included on this list were the names of the two witnesses who had testified during the defendant’s absence. The defendant raised no objection at that time or at any time thereafter until prosecution of the instant appeal. Defendant now contends that his right to confront his accusers has been abridged.
We recognize, of course, that a defendant has the right to be present at all proceedings before the court, whether with or without a jury, whereby prosecution for the commission of a felony is carried on. Section 914.01(4), Fla.Stat., supra; Cole v. State, Fla.App.1967, 199 So.2d 480. Nevertheless, it is well settled that, in non-capital cases, this right may be waived by the defendant, and voluntary absence has been held to constitute such waiver. Mulvey v. State, Fla. 1949, 41 So.2d 156. Likewise, a defendant’s subsequent acquiescence in matters conducted during his absence by his attorney has been construed as such a waiver. Cole v. State, supra.
Under the facts of the instant case, the defendant voluntarily removed himself from the jurisdictional limits of the court a scant three days prior to the continuation of his trial, as there had been a hearing scheduled for July 10, which hearing was postponed. His inability to return does not alter the fact that he left voluntarily. Furthermore, the defendant was presented every opportunity to object, but he failed to do so. The first occurrence upon resumption of his trial on November 4, was the reading in open court of a list of witnesses who had testified prior to that point in the proceedings. We conclude, therefore, that defendant’s right to be present at his trial for commission of a felony has not been abridged.
No reversible error having been shown, the judgment and sentence appealed are affirmed.
Affirmed.