221 So.2d 203 (1969)
Sidney Donald FAST, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-667.
District Court of Appeal of Florida. Third District.
April 1, 1969.
Rehearing Denied April 30, 1969.
Milton E. Grusmark, Miami Beach, and Natalie Baskin, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., HENDRY, J., and McDONALD, PARKER LEE, Associate Judge.
*204 PER CURIAM.
This is an appeal from an order denying appellant's motion to vacate judgment and sentence pursuant to criminal procedure Rule 1.850, 33 F.S.A.
Appellant's motion set forth:
"1. Defendant is presently in custody in the Florida State Prison System at the State Farm in Cocoa, Florida, in accordance with a sentence of the Criminal Court of Record in and for Dade County, Florida, entered in 1965. He was charged and convicted of assault with intent to commit robbery. He was sentenced to serve twenty (20) years in prison at the State Penitentiary.
"2. Defendant appealed thereafter to the District Court of Appeal, Third District. That Court in an opinion filed December 20, 1966, affirmed the conviction. The opinion reflects the fact that the case against the Defendant was bottomed upon eye-witness identification. The jury rejected Defendant's contention that the eye-witnesses were in error; that Defendant was innocent; and that he was elsewhere at the time of the commission of the crime.
"3. New evidence has come to light and is in the possession of counsel for the Defendant, which discloses the fact that the judgment and sentence were erroneously entered and that Defendant's protestations of innocence were justified.
"4. The evidence includes a confession in writing by an inmate at the Federal Penitentiary in Atlanta, Georgia. That confession completely exonerates Defendant. It results in the conclusion that Defendant's incarceration was upon erroneous testimony. It has and does deprive him of basic constitutional rights under the provisions of the Constitution of the State of Florida, and of the Constitution of the United States of America. Defendant did not and could not have had the confession at the time the case was tried. It has been secured through diligent persistent efforts of Defendant's family and friends."
An evidentiary hearing was granted and testimony was taken upon the motion before the trial judge.
The hearing was held on the appellant's petition, wherein the court and counsel for the appellant determined to treat the motion to vacate judgment and sentence as a proceeding under Fla.R.Cr.P. 1.850. After taking extensive testimony from various witnesses, including testimony from the confessor of the crime for which appellant was convicted both at trial and on appeal,[1] the court denied the petition and entered its order affirming the sentence. The appellant has now raised three points, contending that such denial of the petition was error.
As one of his points on appeal, the appellant contends that the failure of the state to investigate "new evidence" pertaining to the confession by another of the crimes for which appellant was convicted, resulted in denial of equal protection of the law and due process to the appellant. However, examination of the facts show that the "new evidence", i.e., the confession by another, was not known prior to or during the actual trial of the appellant. Deliberately withholding information favorable to an accused when such information is known prior to or during the trial has been held to be a deprivation of due process, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Napue v. Ill., 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Levin v. Katzenbach, 124 U.S.App. D.C. 158, 363 F.2d 287 (1960). However, we find no authority to uphold appellant's contention that the state has an affirmative duty to seek out evidence favorable to the defendant after his conviction.
Appellant basically contends that his motion for a new trial and the proceedings *205 had at the hearing on such motion entitled him to some form of relief. We note that the evidentiary hearing, as afforded by the trial court, was the proper proceeding by which the court could investigate the newly raised matters. However, since the question of the confession, plus other evidence relating to the appellant's identity, concerned issues already adjudicated at trial, such matters do not present grounds compelling a court to grant the relief requested pursuant to Rule 1.850. Rather, the rule is that the "confession" of a third person is grounds for a motion for a new trial, but does not compel the trial judge to grant a new trial. See Casias v. United States, 337 F.2d 354 (10th Cir.1964); Wade v. State, Fla.App. 1967, 193 So.2d 459. What occurred at the hearing here was simply an evaluation by the trial judge that the confession was not worthy of belief. Discrepancies between the facts of the robbery for which appellant was convicted and the testimony of the confessor were adduced during the evidentiary hearing. On the basis of such discrepancies, the lower court concluded that the confessor's testimony "* * * was vague, uncertain and unworthy of belief." A trial court is not bound to accept a confessor's confession and it is the duty of the appellant to demonstrate on appeal that such rejection of the confession was an abuse of trial court's discretion. Casias v. United States, supra; Tyler v. Beto, 391 F.2d 993 (5th Cir.1968).
Here, the court held that appellant's petition did not allege anything which would bring it within the purview of Fla. R.Cr.P. 1.850. We hold that part of the order being appealed to be incorrect, as Fla.R.Cr.P. 1.850 is broad enough to raise points which were formerly raised by a writ of error coram nobis, i.e., factual matters unknown prior to or during trial such as the third party confession. Ex parte Welles, Fla. 1951, 53 So.2d 708; Tolar v. State, Fla.App. 1967, 196 So.2d 1. However, the court proceeded as though it were entertaining an evidentiary hearing and adjudged the evidence to be vague, indefinite and unworthy of belief. Moreover, as we recited above, the state was under no constitutional duty to follow through on information given to it by the appellant. The trial judge here resolved the evidentiary issues before it and the record does not show that he abused his discretion in denying the relief requested.
Affirmed for the reasons we have stated.
NOTES
[1] Fast v. State, Fla.App. 1967, 193 So.2d 210.