**Sidney Donald FAST, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director of the Division of Corrections, State of Florida, etc., Respondent.**

**No. 69–1487–Civ.**

United States District Court,
S. D. Florida,
Miami Division.
March 12, 1970.

Milton E. Grusmark and David B. Javits, Miami Beach, Fla., for petitioner.

Earl Faircloth, Atty. Gen., State of Florida and Arden M. Siegendorf, Assistant Atty. Gen., Miami, Fla., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ATKINS, District Judge.

This cause is before the Court on the petition for writ of habeas corpus filed by Sidney Donald Fast pursuant to Title 28 U.S.C. Section 2254. The Court has received the response of the state, the reply of petitioner, through his counsel, and is otherwise fully informed in the premises.

Petitioner was tried and convicted of assault with intent to commit robbery and sentenced to serve twenty years in prison. On appeal the conviction and sentence were affirmed. Fast v. State, 193 So.2d 210 (Fla.App.1967). Subsequent to this affirmance it was discovered that another, Marvin Roberts, had confessed to the same crime. Asserting that this newly discovered evidence entitled petitioner to a new trial, petitioner filed a motion to vacate judgment and sentence pursuant to criminal procedure Rule 1.850, 33 F.S.A. An evidenitary hearing was held and the motion was denied. This denial was affirmed on appeal. Fast v. State, 221 So. 2d 203 (Fla.App.1969). Certiorari was denied by the Florida Supreme Court. Fast v. State, 226 So.2d 817 (1969).

▮ Newly discovered evidence in the form of a confession by another can be a ground for granting a new trial. Casias v. United States, 337 F.2d 354 (10th Cir. 1964). However, a motion of this type is not regarded with favor. Granting of the motion rests in the sound discretion of the trial judge and denial will not be disturbed in the absence of plain abuse of discretion. Casias v. United States, 350 F.2d 317 (10th Cir. 1965).

▮ Federal habeas corpus cannot be used to raise questions of "guilt or innocence." The sole purpose of such proceedings is to test the validity or legality of the "restraint of the petitioner." Shaver v. Ellis, 255 F.2d 509, 511 (5th Cir. 1958). Where a petitioner has

raised the same issue in a state court proceeding and relief has been denied after a full evidentiary hearing, no relief can be granted by the federal habeas court. Title 28 U.S.C. Section 2254(d). Johnson v. Florida, 283 F. Supp. 494 (S.D.Fla., 1968). To overcome the presumption of validity, some irregularity must appear in the state court evidentiary hearing so as to deny petitioner due process of law.

Petitioner here alleges that by cutting short the hearing and preventing petitioner from presenting more testimony, the state court judge denied petitioner a fair and adequate evidentiary hearing. Additionally, petitioner urges that the state prosecutors have a burden to continue their investigations past the time of conviction and to promptly bring all newly discovered favorable evidence to the court's attention. The delay from the time the prosecution discovered this confession to the time petitioner became aware of it is alleged to have prejudiced petitioner at his evidentiary hearing.

■■ "Credibility is for the trier of the facts and the uncontradicted testimony of a witness does not have to be accepted." Tyler v. Beto, 391 F.2d 993, (5th Cir. 1968). The court has carefully considered the transcript of the evidentiary hearing and agrees with the state court judge that the testimony of Marvin Roberts lacks credibility. This finding cannot be said to be clearly erroneous. Nor can it be said that the state court judge abused his discretion in terminating the hearing upon making that finding. If the confession is not worthy of belief no other testimony could aid the cause.

■ No cases have been cited and research indicates no cases to support the contention that the prosecutor's burden to discover evidence favorable to the accused continues beyond the time of conviction and sentence. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), does not require this heavy burden. If there is no burden then, assuming the prosecutors knew of the confession of Marvin Roberts, no prejudice could have been created. Neither was it improper to cut off testimony which was designed to show the knowledge of the prosecutors.

■ It is the finding of this habeas court that there was no defect or irregularity in the state court evidentiary hearing that denied petitioner due process. The finding that petitioner is not entitled to a new trial on the grounds of newly discovered evidence must be presumed to be correct. Title 28 U.S.C. Section 2254(d). It is therefore

Ordered and adjudged that the petition for writ of habeas corpus of Sidney Donald Fast be and the same hereby is denied.