PEARSON, Chief Judge.
Appellant having waived jury trial was tried before the court and found guilty of grand larceny by obtaining money by fraudulent representations. During the trial the appellant voluntarily removed himself from the jurisdictional limits of the court during a part of the trial. He filed a timely appeal which was heard before this court. See Henzel v. State, Fla.App.1968, 212 So.2d 92. The opinion recites:
“The basis of defendant’s primary point on appeal is that he was denied the right to be present at his trial in contravention of the provisions of § 914.01, Fla.Stat., F.S.A.”
This court after a full review of the facts and the applicable law held: “We conclude, therefore, that defendant’s right to be present at his trial for commission of a felony has not been abridged.”
Appellant sought review of the decision of this court by petition for certiorari filed in the Supreme Court of Florida. Appellant’s petition was denied. See Henzel v. State, Fla.1968, 218 So.2d 165. Thereafter appellant sought review of the decision in the Supreme Court of the United States. Appellant’s petition was denied. See Henzel v. Florida, 393 U.S. 1085, 89 S.Ct. 870, 21 L.Ed.2d 778 (1969). Appellant’s petition for rehearing was denied by the Supreme Court of the United States. See Henzel *359 v. Florida, 394 U.S. 967, 89 S.Ct. 1303, 22 L.Ed.2d 570 (1969). Appellant has informed us that he thereafter sought relief upon two separate occasions by filing a petition for writ of habeas corpus in the Federal District Courts. In each case his petition was dismissed or denied. The present appeal stems from a motion for relief pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., filed in the court which originally tried him. The motion for relief was based upon tw.o grounds: (1) appellant was denied his right to be present at his own trial; (2) appellant was denied the right to effective assistance of counsel. The trial court held an evidentiary hearing and denied the motion upon both grounds.
Upon this appeal the appellant has expressly abandoned the second ground of his petition, i. e., that he was denied the right to effective assistance of his privately employed counsel.[1] Otherwise, appellant’s brief is a re-argument of the point presented upon the appeal from the conviction. Thus, this is a second appeal by means of Rule 1.850. We ought not be required to plow the same ground twice. Suarez v. State, Fla.App.1969, 220 So.2d 442. Nevertheless, in the hope that the litigation may be brought to an end in some court of ultimate resort, we have carefully examined the evidence presented to the trial court at the hearing upon appellant’s motion for relief pursuant to Rule 1.850. We find that the evidence presented reinforces this court’s decision reported at 212 So.2d 92.
Affirmed.

. “Appellant also assigned as error (Assignment of Error No. 5(b)) that the Court erred in finding that the Appellant was not denied his right to the effective assistance of counsel, which is guaranteed by the Due Process Law of the Fourteenth Amendment of the United States Constitution, and by Article I, Section 16 of the Florida Declaration of Rights. After a review of the testimony taken in the proceedings pursuant to Rule 1.850 of the Florida Rules of Criminal Procedure, it is the considered opinion of both the attorney for the Appellant and of the Appellant himself that this particular assignment of error is without merit and therefore same is hereby abandoned.”