Sidney Donald FAST, Petitioner-
Appellant,

v.

Louie L. WAINWRIGHT et al.,
Respondents-Appellees.

No. 29721.

United States Court of Appeals,
Fifth Circuit.

March 22, 1971.

Rehearing Denied April 22, 1971.

Sidney D. Fast, pro se.

Milton E. Grusmark, Miami Beach, Fla., for appellant.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Arden M. Siegendorf, Melvin Grossman, Jesse J. McCrary, Jr., Asst. Attys. Gen. of Fla., Miami, Fla., for appellees.

Before GEWIN, COLEMAN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Sidney Donald Fast, a Florida State prisoner, appeals from the Federal District Court's denial without an evidentiary hearing, of his habeas corpus petition. We affirm.

On September 10, 1965, a Publix Super Market in Miami, Florida, was robbed by two men, one of whom shot and seriously wounded a cashier. Fast was arrested for the robbery and charged with assault with intent to commit a felony. At his trial in December of 1965 in the Dade County Criminal Court of Record, witnesses to the robbery identified Fast as the robber who had done the shooting. The testimony of the State's witnesses tended to show that this robber on the day of the crime was "unshaven," that he had used a .45 automatic with white grips, and that both he and his accomplice had escaped in a gold-colored Comet. The defense put on witnesses who testified to an alibi for Fast at the time of the crime, and who testified that both before and immediately after the time of the robbery, Fast had a full beard. The jury convicted Fast, and the Judge sentenced him to twenty years at hard labor in the State Penitentiary. The Florida District Court of Appeal for the Third District affirmed the conviction, Fast v. State, 193 So.2d 210 (1966).

On March 11, 1968, Fast filed in the Dade County Criminal Court a motion to vacate judgment and sentence pursuant to Fla.R.Crim.P.Rule 1.850, 33 F.S.A. He alleged that new evidence establishing his innocence had come to light, including a full confession to the crime by one Marvin Leroy Roberts, and further alleged that the Florida authorities had wrongfully refused either to convey this evidence to Fast or to pursue it on their own. The cause came on for a hearing before Judge Paul Baker. Judge Baker expressed some doubt that Fast's petition stated grounds on which relief could be granted under Rule 1.850, but permitted Fast to put on his witnesses, subject to a limitation imposed midway in the hearing that only out-of-town witnesses would be allowed to testify at that time. Fifteen witnesses then testified for Fast. Seven testified principally with respect to the fullness of Fast's beard as of September 10, 1965. Other witnesses, Florida law enforcement offi-

cials and temporary investigators for a Florida grand jury, testified to conversations in 1966 and 1967 with other convicts and suspects in which the latter had stated that Fast was innocent of the Publix Market robbery and that it was actually the work of Marvin Leroy Roberts and one Drake. There was also testimony to the effect that the Dade County Sheriff's Office and an Assistant State's Attorney of the State of Florida had been apprised of the statements exculpating Fast. Finally, Marvin Leroy Roberts took the stand and testified, inter alia, that he had never seen Fast until the day of the hearing; that he and Drake had done the Publix Market robbery, and that Fast had had no part in it; that two hand guns had been used, one blue steel with brown grips and one black with a nickel-plated barrel; and that he and Drake had escaped from the scene in a stolen cream-colored Comet. On cross-examination, Roberts disclosed that Fast's father had agreed to furnish Roberts with a lawyer to help him defend against four charges outstanding against him in Duval County, Florida, if Roberts would testify at the hearing.

At the close of Roberts' testimony, Judge Baker made the following statement on the record to Fast's attorney:

"Mr. Grusmark, previously I told you that I would give you thirty days to file a brief. I wouldn't believe this man under oath. His testimony means nothing to me. I see no point in wasting the Court's time, your time and the State Attorney's time by submitting memorandums of law. I think I know the law. I am not going to consider the memorandum. Petition is denied. The sentence stands and I will enter my own order."

His formal order denying relief concludes as follows:

"The alleged perpetrator of the crime, whom the defendant contends confessed after his conviction, appeared in Court and testified, and the Court finds that his knowledge of the facts and circumstances of the case at

the time of the hearing was vague, uncertain and unworthy of belief."

The Florida Court of Appeal for the First District affirmed this order, Fast v. State, 221 So.2d 203 (1969). It held that while newly discovered evidence constitutes a ground on which relief may be granted under Rule 1.850, the decision whether to grant a new trial on the basis of a post-conviction confession by another lies within the sound discretion of the Criminal Court Judge, and that Judge Baker had not abused his discretion. Fast's petition for certiorari to the Florida Supreme Court was denied without opinion, Fast v. State, 226 So.2d 817 (1969).

Fast then petitioned for habeas corpus in Federal District Court. He contended that his present custody was wrongful by virtue of the fact that (1) the State of Florida had suppressed evidence favorable to him, and (2) he had not had a full and fair hearing on his newly discovered evidence at the State post-conviction proceeding. The Federal District Judge ruled that the State hearing had been full and fair, and accordingly denied relief without a hearing. Fast v. Wainwright, S.D.Fla., 1970, 310 F.Supp. 404. From this denial, Fast appeals.

▮▮▮ A State prisoner is entitled to relief on habeas corpus in federal court only on the ground that he is in custody in violation of the Constitution, laws or treaties of the United States, 28 U.S.C. § 2254(a); Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963); Cade v. Balkcom, 5 Cir., 1966, 361 F.2d 212, 213, cert. denied, 383 U.S. 961, 86 S.Ct. 1228, 16 L.Ed.2d 303. In Shaver v. Ellis, 5 Cir., 1958, 255 F.2d 509, this Court held that a petition for habeas corpus by a State prisoner based on newly discovered evidence in the form of a confession by another states no ground on which federal habeas corpus relief may be granted. Appellant implicitly questions the soundness of this holding. He does not contend that in ruling on his motion the State Judge applied a constitutionally wrong standard; i. e., he appears to concede that in this case, in which the determinative evidence consisted of the confession of another to the crime for which Fast was convicted, he was not constitutionally entitled to relief if after a proper hearing the State Judge found the confessing witness's testimony "unworthy of belief." Rather, he contends, in limiting the number of witnesses he could put on to testify in support of the confession, the Court resolved the question of its credibility against him without affording him due process of law.

At no time during the State post-conviction hearing did the appellant make an offer of proof as to the witnesses who did not tesitfy. We do not know even now how many there were. Of the fifteen witnesses who did testify, seven contributed testimony as to the physical appearance of the defendant near the time of the robbery which was cumulative of testimony at the trial. Two witnesses testified that Roberts had confessed to the crime in their presence. Four more testified that informants had incriminated Roberts; there was no clear indication how the informants had obtained their information, and a strong suggestion that it came from Roberts himself. Finally Roberts appeared, confessed (as the State Judge found) unconvincingly, and on cross-examination admitted to having received an inducement to testify against himself. There had been nothing in the preceding parade of witnesses to rebut the inference of Roberts' insincerity. Appellant contends now that the witnesses who were sent away were "police officers who have investigated and believe the veracity of" Roberts' confession. These would surely have been stronger witnesses than any who had gone before. The claim now made was never made at the hearing. Instead, at the point the appellant's attorney called Roberts, he said simply, "I am going to let the other witnesses go in view of the statement by the Court." Thus the Judge had no reasonable basis on which to reconsider his judgment that he had heard enough. We are called on to reverse his determination, on the

strength of a self-serving declaration by the appellant pressed for the first time in Federal Court.

In Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963), the Supreme Court stated in passing: "[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." The most to which Fast was entitled, as a matter of due process, was a fair hearing on his claim in State Court. Notwithstanding that the time provided by State law for filing a motion for a new trial had expired, Florida provided Fast a hearing. Cf. Everitt v. United States, 5 Cir., 1965, 353 F.2d 532. In ruling on Fast's claim, the State Judge relied on his own assessment of the confessant's credibility, in keeping with the standard procedure in the federal system and in many, if not all, state systems. See 2 C. Wright, Federal Practice and Procedure § 557 at 529 (1969); 24 C.J.S. Criminal Law § 1454 at 182; cf. Townsend v. Sain, supra, 372 U.S. at 317, 83 S.Ct. at 759. His restriction of testimony was the exercise of sound discretion. Cf. Loux v. United States, 9 Cir., 1968, 389 F.2d 911, 917, cert. denied, 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135, and 393 U.S. 869, 89 S.Ct. 156, 21 L.Ed.2d 138; United States v. Baysek, 3 Cir., 1954, 212 F.2d 446, 447, cert. denied, 348 U.S. 836, 75 S.Ct. 49, 99 L.Ed. 659; Gantz v. United States, 8 Cir., 1942, 127 F.2d 498, 503, cert. denied, 317 U.S. 625, 63 S.Ct. 47, 87 L.Ed. 505. We hold, with the District Judge, that the fact-finding procedure employed by the State Court was adequate to afford a full and fair hearing. Our inquiry ends there.

■ Fast also claims that the State acted wrongfully in suppressing the evidence which he eventually obtained and introduced at his post-conviction hearing. He does not contend that the prosecuting authorities knew of the evidence at the time of his trial. The testimony at the hearing set March 1966—three months after Fast's conviction—as the earliest date on which any information exculpating Fast and inculpating Roberts reached an agent of the State. This case thus stands in sharp contrast to the Due Process cases on which Fast relies, in which the State was held to have "contrived a conviction through the pretense of a trial," by means of "a deliberate deception of court and jury. * * *" Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791 (1935); see Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Moreover, Fast has failed to show that the evidence allegedly withheld in violation of his rights "is material either to guilt or punishment * * * *" Brady v. State of Maryland, supra, 373 U.S. at 87, 83 S.Ct. at 1197. The State's claimed inaction has no bearing on the constitutionality of Fast's detention.

Affirmed.