284 So.2d 440 (1973)
Alexander WALDEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-145.
District Court of Appeal of Florida, Third District.
October 9, 1973.
Phillip A. Hubbart, Public Defender, and Steven Rappaport and Lewis Kimler, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and SAM SPECTOR, Associate Judge.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of an order denying his motion to vacate and set aside sentence pursuant to CrPR 3.850, 33 F.S.A.
Appellant was found guilty of robbery and assault with intent to commit murder on June 30, 1969 following a non-jury trial. On November 21, 1969 he was sentenced to thirty (30) years on the robbery charge and five (5) years on the assault with intent to commit murder charge, the sentences to run consecutively.
While incarcerated, appellant met Floyd Perkins who admitted that he committed the crimes of which appellant was convicted. Perkins gave an affidavit to that effect and agreed to testify to the truthfulness of the affidavit. Appellant thereafter petitioned the court to vacate and set aside *441 the judgment and sentence, and grant him a new trial so that Perkins' confession could be admitted into evidence.
However, at an evidentiary hearing on the motion, Perkins refused to confess in open court on the grounds that it would incriminate him. The trial judge, therefore, did not acknowledge the confession and refused to allow cross-examination of the witness, Perkins. The judge on January 5, 1973 denied appellant's motion because of insufficient proof.
Appellant argues that the trial court abused its discretion by refusing to admit the confession into evidence, refusing to allow appellant to cross-examine Perkins, or, alternatively, declining to grant appellant a new trial.
Appellant relies upon a recent U.S. Supreme Court decision, Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). We do not agree that the Chambers case is controlling in this situation.
In Chambers, the court was concerned with the Mississippi "voucher" rule which precluded the defendant from impeaching his own witness. The witness, McDonald, at a preliminary hearing and again at trial, repudiated an earlier sworn confession. No claim of protection from self-incrimination was presented in the Chambers case.
Moreover, the court noted in Chambers that since the state's proof at trial excluded the possibility of more than one defendant, "McDonald's sworn confession tended to incriminate him, it tended also to exculpate Chambers." No such showing was made in the cause sub judice.
In the instant case, the appellant was not encountering an evidentiary rule, but rather a witness invoking his Fifth Amendment privilege against self-incrimination. The U.S. Supreme Court has recognized that while a state may not deny a defendant the right to put a witness on the stand, a testimonial privilege such as the privilege against self-incrimination constitutes an exception. See footnote 21, Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). We agree with another federal court that when the Fifth Amendment guarantee collides with the Sixth Amendment in circumstances such as these, the Sixth Amendment right must yield because to require one to incriminate himself in order to afford help to another would be both unwise and unrealistic. Holloway v. Wolff, 351 F. Supp. 1033 (D.Neb. 1972).
We do not believe that the trial court abused its discretion by denying appellant's motion to vacate and set aside the judgment and sentence and grant him a new trial. This court has previously said, "the rule is that the `confession' of a third person is grounds for a motion for a new trial, but does not compel the trial judge to grant a new trial." Fast v. State (Fla. App. 1969), 221 So.2d 203.
The record does not demonstrate that appellant was prohibited from calling any witnesses to corroborate Perkins' confession, and no witnesses were called. The trial judge was justified in concluding that Perkins' bare affidavit was insufficient evidence to grant appellant a new trial.
Accordingly, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.