PER CURIAM.
Defendant-appellant seeks review of the trial court’s order denying his second motion to vacate pursuant to RCrP 3.850, 33 F.S.A.
In 1969, defendant was informed against for (1) robbery and (2) assault with intent to commit murder, tried by jury, found guilty as charged and sentenced to serve 30 years on the robbery charge and five years on the assault charge, the sentences to run consecutively.
Thereafter, on July 27, 1972 defendant • filed a motion to vacate judgment and sentence pursuant to RCrP 3.850. Attached thereto was the sworn affidavit of one Floyd Perkins who admitted therein that he had committed the crimes for which defendant Walden had been convicted and further alleged that defendant had not participated in the perpetration thereof. A full evidentiary hearing was held thereon in December at which time Perkins refused to confess in open court on the grounds that it would incriminate him. On January 5, 1973 the trial judge denied the motion to vacate on the grounds of insufficient proof.
Subsequent thereto, on March 12, 1974 defendant filed a second motion to vacate and attached thereto was the signed affidavit of Floyd Perkins to the effect that defendant had not participated in the crimes for which he (defendant) had been found guilty. In addition, the results of polygraph examinations administered to the defendant and Perkins also were attached as exhibits. A second evidentiary hearing was conducted on April 23, 1974 at which time Perkins testified that he had participated in the subject robbery for which defendant Walden was convicted and further that defendant did not participate in any way. On May 24, 1974 the trial judge entered his order of denial on the grounds that he found the testimony of Floyd Perkins to be unworthy of belief. Defendant appeals therefrom. We affirm.
The rule is well established that the confession of a third party is grounds for a motion for a new trial, but does not compel the trial judge to grant a new trial. Fast v. State, Fla.App.1969, 221 So.2d 203.
Reviewing the record on appeal in light of the above rule, we find that there were at least two discrepancies between the facts of the robbery for which appellant was convicted and the testimony of Floyd Perkins at the evidentiary hearing. First, two of the victims testified that there were four robbers whereas Perkins testified that he and two others participated in the robbery. Second, Perkins at the evidentiary hearing testified that approximately $2,000 was taken in contrast to the $15,000 figure stated • in his affidavit. In addition, we note that no witnesses were called by the defense to corroborate the testimony of Perkins.
Thus, we conclude that appellant has failed to demonstrate on this appeal that the trial judge’s rejection of Perkins’ confession on the grounds of it being unworthy of belief was an abuse of discretion. Cf. Fast, supra and Walden v. State, Fla.App.1973, 284 So.2d 440.
Accordingly, the order herein appealed is affirmed.
Affirmed.