363 So.2d 624 (1978)
STATE of Florida, Appellant,
v.
Basilio GOMEZ, Appellee.
No. 77-904.
District Court of Appeal of Florida, Third District.
October 31, 1978.
*625 Janet Reno, State's Atty. and George Volsky, Asst. State's Atty., for appellant.
Weiner, Robbins & Tunkey and Jeffrey S. Weiner, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is a motion to vacate judgment and sentence proceeding in a criminal case pursuant to Fla.R.Crim.P. 3.850 in the Circuit Court for the Eleventh Judicial Circuit of Florida. The trial court granted the motion, set aside the defendant's robbery conviction and sentence, and ordered a new trial on the robbery charge. The state appeals.
The central issue raised by this appeal is whether newly discovered evidence in the form of a third party confession, which tends to establish the innocence of a convicted defendant, constitutes a valid ground for collateral attack of a judgment of criminal conviction and sentence under Fla.R.Crim.P. 3.850. We hold that it does providing the defendant overcomes the presumptive validity of his judgment of conviction and establishes by clear and convincing evidence that: (1) such confession was unknown at the time the judgment of conviction was rendered and (a) could not have been discovered through the use of reasonable diligence for presentation either at the original trial or on a motion for new trial, or (b) was not discovered because of actual dominating fraud, duress or other unlawful means, and (2) such confession is of such probative force that had it been so produced at trial, it would have prevented rendition of the judgment of conviction. As none of the elements of this ground was established in this case because the trial court failed to hold an evidentiary hearing on the defendant's motion to vacate herein, we reverse and remand for a full evidentiary hearing.

A
The record in this case reveals that the defendant herein Basilio Gomez, his brother Cecilio Gomez, and two other codefendants were jointly charged by information with robbery before the Circuit Court for the *626 Eleventh Judicial Circuit of Florida. The co-defendant Cecilio Gomez was tried first by a jury and acquitted. Subsequent thereto, the defendant Basilio Gomez was tried non-jury before the trial court, found guilty as charged, and sentenced to 20 years imprisonment. The defendant Basilio Gomez filed a timely motion for new trial on the ground that the evidence was insufficient to support the verdict. The trial court denied the motion.
The defendant Basilio Gomez then perfected a delayed Baggett[1] appeal to this court from his conviction and sentence. While such appeal was pending, he filed a motion to temporarily relinquish jurisdiction in the cause to the trial court for the purpose of allowing him to file a motion to vacate judgment and sentence under Fla.R. Crim.P. 3.850 based on newly discovered evidence in the form of a third party confession. This court granted the motion and relinquished such jurisdiction for a period of thirty days.
Subsequent thereto, the defendant Basilio Gomez filed a motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850. In such motion it was alleged that several months subsequent to both the trial and the trial court's ruling on the motion for new trial herein, the co-defendant Cecilio Gomez informed the defendant's counsel that he [Cecilio Gomez] had in fact committed the robbery in the case without the assistance of the defendant Basilio Gomez, that a sworn affidavit signed by the co-defendant Cecilio Gomez to that effect was attached thereto and that the foregoing facts were unknown at the time of the defendant Basilio Gomez's trial nor could they have been discovered by such defendant with the exercise of reasonable diligence.
The above motion came on for two hearings before the trial court within the thirty days allowed by this court to hear such motion. At the first hearing, the trial court continued the hearing at the request of the state as the prosecutor had not had an opportunity to review the motion. At the second hearing, the state requested by written motion that the trial court transfer the defendant's motion to the trial judge who heard the original trial. The trial court denied this motion, announced that it had read the trial transcript in the case, and granted the defendant's motion to vacate. No evidentiary hearing was held, and virtually no argument was heard thereon.
The state thereafter perfected an appeal to this court from trial court's order granting the defendant's motion to vacate herein. The defendant Basilio Gomez subsequently dismissed his original Baggett appeal from the original judgment of conviction and sentence.

B
It is the weight of authority in this state that any ground which would have been valid to collaterally attack a criminal conviction on a petition for a writ of error coram nobis may be raised on a motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850. Fast v. State, 221 So.2d 203 (Fla. 3d DCA 1969); Tolar v. State, 196 So.2d 1 (Fla. 4th DCA 1967); Falagon v. State, 167 So.2d 62 (Fla. 2d DCA 1964); Grant v. State, 166 So.2d 503 (Fla. 2d DCA 1964); Solitro v. State, 166 So.2d 474 (Fla. 2d DCA 1964). This is also the position taken in the federal courts as to motions to vacate judgment and sentence under 28 U.S.C. § 2255 from which Florida's Fla.R.Crim.P. 3.850 is taken almost verbatim. Laughlin v. United States, 154 U.S. App.D.C. 196, 474 F.2d 444 (1973); Hilderbrand v. United States, 304 F.2d 716 (10th Cir.1962); United States v. Rutkin, 212 F.2d 641 (3d Cir.1954); Clark v. United States, 370 F. Supp. 92 (W.D.Pa. 1974). See also Reviser's Note to 28 U.S.C.A. § 2255 (1971). In our view, such authority is based on sound grounds. Fla.R.Crim.P. 3.850 was adopted in 1963 by the Florida Supreme Court in the wake of the Gideon decision[2] *627 to provide an omnibus collateral attack remedy in criminal cases, in lieu of the traditional habeas corpus and coram nobis writs, and to establish thereby a simplified expeditious and efficient post-conviction procedure. Although not intended to abolish such traditional post-conviction writs, the rule was clearly aimed at incorporating them in large part for the sake of judicial efficiency. State v. Weeks, 166 So.2d 892 (Fla. 1964); Roy v. Wainwright, 151 So.2d 825 (Fla. 1963).
It is also the weight of authority in this state that newly discovered evidence tending to establish the innocence of a convicted defendant is a valid ground for collateral attack of a criminal conviction under a writ of error coram nobis providing: (1) such evidence was unknown at the time the judgment of conviction was rendered and (a) could not have been discovered through the use of reasonable diligence for presentation at the original trial or on a motion for new trial, or (b) was not discovered because of actual dominating fraud, duress, or other unlawful means, and (2) such evidence is of such probative force that had it been so produced, it would have prevented rendition of the judgment of conviction under attack. This ground has been reserved for those infrequent, but greatly unsettling cases where a miscarriage of justice has in all likelihood occurred in which a person stands convicted of a crime which he did not commit. Ex Parte Welles, 53 So.2d 708 (Fla. 1951); Lamb v. State, 91 Fla. 396, 107 So. 535 (1926); Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121 (1923). See also 18 Am.Jur.2d "Coram Nobis" § 16 (1965); Frank and Frank, Not Guilty (1957).
Based upon the above lines of authority, our decisions have recognized that newly discovered evidence, whether in the form of a third party confession or other demonstrative or testimonial evidence, may constitute a valid ground for collateral attack of a criminal conviction under Fla.R. Crim.P. 3.850. Walden v. State, 310 So.2d 426 (Fla. 3d DCA 1975); Kellerman v. State, 287 So.2d 702 (Fla. 3d DCA 1973); Fast v. State, 221 So.2d 203 (Fla. 3d DCA 1969). The Fourth District Court of Appeal takes the same view, Diamond v. State, 233 So.2d 418 (Fla. 4th DCA 1970), as does apparently the First District Court of Appeal. See State v. Pitts, 241 So.2d 399 (Fla. 1st DCA 1970), vacated 247 So.2d 53 (Fla. 1971). Implicit in such decisions, however, is that the newly discovered evidence must meet the above traditional coram nobis requirements for such ground. Accordingly, the trial court is not compelled to accept the ground absent a showing that such requirements have been met. Walden v. State, 284 So.2d 440 (Fla. 3d DCA 1973).
The Second District Court of Appeal has reached a similar result on the issue herein, but unlike us, has held that newly discovered evidence as a ground for collateral attack of a criminal conviction can only be raised on a petition for writ of error coram nobis. Hallman v. State, 343 So.2d 912 (Fla. 2d DCA 1977); Hamilton v. State, 237 So.2d 255 (Fla. 2d DCA 1970). As to the latter, we respectfully disagree and conclude that such ground can also be raised on a motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850. Indeed, the motion to vacate proceeding is the preferred procedure.
The parties in this cause rely almost exclusively on cases involving motions for new trial under Fla.R.Crim.P. 3.600(a)(3) in which newly discovered evidence is asserted as a ground therefor. See Callaway v. State, 109 So.2d 364 (Fla. 1959); Harvey v. State, 87 So.2d 582 (Fla. 1956); Douth v. State, 85 So.2d 550 (Fla. 1956). Although analogous, we do not regard such cases as controlling. Compare Diamond v. State, 233 So.2d 418 (Fla. 4th DCA 1970). A motion for new trial differs *628 fundamentally from a motion to vacate judgment and sentence in that the former is addressed solely to a finding of guilt either by a jury or by the court sitting without a jury. A motion to vacate judgment and sentence, on the other hand, is addressed to a final judgment of conviction and sentence, entered upon a prior finding of guilt, which has withstood a motion for new trial and a subsequent appeal or a voluntary waiver of same by the defendant. As such, a final judgment of conviction and sentence is entitled to much greater sanctity than a finding of guilt and indeed is considered presumptively valid. The burden rests on the defendant to establish by clear and convincing evidence a recognized ground for relief in order to prevail on a motion to vacate judgment and sentence. See State v. Pitts, 241 So.2d 399, 402, 414 (Fla. 1st DCA 1970), vacated 247 So.2d 53 (Fla. 1971). By contrast, a motion for new trial is addressed to the sound discretion of the trial court with no burden of proof allotted to either party. Bell v. State, 90 So.2d 704 (Fla. 1956).

C
In the instant case, two third party confessions by the co-defendant Cecilio Gomez are alleged in the defendant's motion to vacate herein as newly discovered evidence in this case. One is an oral confession to the defendant Basilio Gomez's present defense counsel; the other is a sworn written confession apparently given to the same counsel. Such allegations appear to raise a valid ground for collateral attack of the robbery conviction and sentence herein although on remand they should be supplemented to include all the traditional coram nobis requirements for newly discovered evidence as discussed above. In our view, however, the ground asserted in the motion to vacate herein was never adequately established in the trial court because no evidentiary hearing was held on such motion and no supporting proofs were ever adduced. The trial court vacated the judgment of conviction and sentence herein based entirely on the unsupported allegations of the motion to vacate together with a review of the original trial transcript. Such action was clearly improper. State v. Weeks, 166 So.2d 892, 897 (Fla. 1964). Accordingly, the order under review is reversed and the cause remanded to the trial court with directions to conduct a full evidentiary hearing on the defendant's motion to vacate in accord with the views expressed herein.
Reversed and remanded.
NOTES
[1] see Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969).
[2] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (felony conviction in state court of insolvent defendant without counsel and without a knowing and intelligent waiver of counsel reversed as constituting a violation of due process under the 14th Amendment due process clause). The decision prompted a large volume of post-conviction collateral attack petitions filed by state prisoners in Florida who had been convicted of felonies in our courts without counsel. Roy v. Wainwright, 151 So.2d 825 (Fla. 1963).