BOOTH, Judge.
This cause is before us on appeal from the summary denial of appellant’s motion to vacate judgment and sentence under Rule 3.850, Florida Rules of Criminal Procedure, and appellee’s motion to dismiss the appeal.
The motion to vacate alleged newly discovered evidence. This allegation is stated in a purely conclusionary form, without supporting facts and, standing alone, is insufficient to require the trial court to hold a hearing.[1] Further, with respect to newly discovered evidence as grounds for collateral attack on a judgment under Rule 3.850, particular allegations required are stated most recently in the well-reasoned decision of the Third District in State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978):
“It is also the weight of authority in this state that newly discovered evidence tending to establish the innocence of a convicted defendant is a valid ground for collateral attack of a criminal conviction under a writ of error coram nobis providing: (1) such evidence was unknown at the time the judgment of conviction was rendered and (a) could not have been discovered through the use of reasonable diligence for presentation at the original trial or on a motion for new trial, or (b) was not discovered because of actual dominating fraud, duress, or other unlawful means, and (2) such evidence is of such probative force that had it been so produced, it would have prevented rendition of the judgment of conviction under attack. This ground has been reserved for those infrequent, but greatly unsettling cases where a miscarriage of justice has in all likelihood occurred in which a person stands convicted of a crime which he did not commit. .
Based upon the above lines of authority, our decisions have recognized that newly discovered evidence, whether in the form of a third party confession or other demonstrative or testimonial evidence, may constitute a valid ground for collateral attack of a criminal conviction under Fla. R.Crim.P. 3.850 . . . Implicit in such decisions, however, is that the newly discovered evidence must meet the above traditional coram nobis requirements for such ground. Accordingly, the trial court is not compelled to accept the ground absent a showing that such requirements have been met. . . . ” (emphasis supplied)
We hold that the mere assertion of newly discovered evidence is insufficient to require the trial court to hold a hearing because of the general rule regarding con-clusionary allegations and because it fails to meet the particular requirements of that ground as stated in the Gomez case, supra.
The motion to dismiss filed in this Court correctly points out that the appellant’s ground for relief under Rule 3.850 is, in truth, nothing more than an attack on the sufficiency of the evidence to sustain the conviction. Indeed, the allegation of “newly discovered evidence,” is never explained or amplified in appellant’s brief in this *1261 Court, a brief devoted entirely to reviewing the sufficiency of the evidence. The issue of sufficiency of the evidence was presented on appeal from the conviction and disposed of by this Court in Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978).
Accordingly, the motion to dismiss is GRANTED.
McCORD, C. J., and MELVIN, J., concur.

. Capo v. State, 363 So.2d 410 (Fla. 1st DCA 1978) and cases cited therein; Morrison v. State, 283 So.2d 137 (Fla. 2nd DCA 1973); Whitlow v. State, 256 So.2d 48 (Fla. 2nd DCA 1971).