389 So.2d 652 (1980)
Lucion SPENCER a/K/a Leroy Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. SS-260.
District Court of Appeal of Florida, First District.
June 16, 1980.
Rehearing Denied August 18, 1980.
Lucion Spencer, in pro. per., for appellant.
No appearance for appellee.
PER CURIAM.
Appellant's Rule 3.850, Florida Rules of Criminal Procedure, motion alleging ineffective assistance of counsel, denial of his right to appeal, and insufficiency of the evidence was properly denied.
Florida law is clear that one may not attack the competency of privately retained counsel, Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967); O'Quinn v. State, 364 So.2d 775 (Fla. 1st DCA 1978); but see Cuyler v. Sullivan, ___ U.S. ___, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). There is nothing in the record to indicate that state action was involved in any denial of the right to appeal, Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967), and insufficiency of the evidence is not properly raised on a postconviction motion, Glenn v. State, 271 So.2d 23 (Fla. 2d DCA 1972).
ROBERT P. SMITH, Jr., ERVIN and WENTWORTH, JJ., concur.

*653 ON PETITION FOR REHEARING
ROBERT P. SMITH, Jr., Judge.
The Florida Supreme Court's most recent decision on the subject holds as a matter of federal constitutional law that the Sixth Amendment, as applied to the states by the Fourteenth, gives no relief to the criminally convicted for the ineffective assistance of privately retained counsel. Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967). More recently the United States Supreme Court squarely held that a criminal prosecution is itself sufficient state action to engage the constitutional right to counsel, and that, when a question of ineffective assistance of counsel is presented, there is no distinction between state-provided and retained counsel. Cuyler v. Sullivan, ___ U.S. ___, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
The unspoken premise of our brief opinion filed June 16, 1980, must necessarily be that, in the spirit of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), this court must continue to follow the explicit holding of the Florida Supreme Court on a point of federal constitutional law until that court recedes from it, even when the United States Supreme Court has held to the contrary. On further reflection we recognize that the Florida Supreme Court has never commanded such blind servility from inferior Florida courts and has clearly differentiated authoritative United States Supreme Court decisions from "lower federal court rulings." State v. Dwyer, 332 So.2d 333, 335 (Fla. 1976); see also Board of County Comm'rs of Lee County v. Dexterhouse, 348 So.2d 916, 918 (Fla. 2d DCA 1977), aff'd, 364 So.2d 449 (Fla. 1978). The decisions of the United States Supreme Court on questions of federal constitutional law have direct and controlling effect on our decisions though the Florida Supreme Court has not yet had an opportunity to conform its previously expressed views, which were themselves in conformity with United States Supreme Court decisions as then understood by the Florida Supreme Court.
On rehearing, therefore, we have examined the allegations of appellant's Rule 3.850 motion concerning the alleged ineffectiveness of appellant's retained counsel. The allegations are so vague and conclusory as not to require an evidentiary hearing. Meeks v. State, 382 So.2d 673 (Fla. 1980); Tillman v. State, 366 So.2d 1259 (Fla. 1st DCA 1979). The circuit court's order denying the motion is correct. The petition for rehearing is DENIED.
ERVIN and WENTWORTH, JJ., concur.