HUBBART, Chief Judge.
The central issue presented for review is whether a trial court’s alleged failure to recall accurately certain testimony prior to rendering a verdict in a non-jury criminal trial constitutes a legally sufficient ground to set aside a subsequently entered criminal conviction and sentence on a petition for a writ of error coram nobis. We hold that such an alleged failure to recall testimony cannot constitute a valid ground for coram nobis relief. We accordingly, deny the petitioner’s original application filed in this court for permission to file a petition for a writ of error coram nobis in the trial court.
I
The facts pertinent to the above issue are as follows. On March 8, 1965, the petitioner Leo Henzel was charged in seven infor-mations with grand larceny by fraud [§ 811.021(l)(a), Fla.Stat. (1965)] in the Circuit Court for the Eleventh Judicial Circuit of Florida. The petitioner entered a plea of not guilty and waived trial by jury. The petitioner was subsequently tried non-jury at four separate hearings on five of the above informations which had previously been consolidated for a single trial. At the conclusion of the evidence, the trial court found the petitioner not guilty on four of the above informations and guilty on one of the above informations. On January 20, 1967, the petitioner was sentenced to five years imprisonment by the trial court. On appeal, this court affirmed and subsequent certiorari review was denied. Henzel v. State, 212 So.2d 92 (Fla.3d DCA), cert. denied, 218 So.2d 165 (Fla.1968), cert. denied, 394 U.S. 967, 89 S.Ct. 1303, 22 L.Ed.2d 570 (1969).
The petitioner has since been engaged in over ten years of post-conviction relief litigation. He filed (a) two petitions for a writ of habeas corpus in the federal court, which petitions were either dismissed or denied, see Henzel v. State, 235 So.2d 358, 359 (Fla.3d DCA 1970); (b) a motion to vacate judgment and sentence under former Fla.R. Crim.P. 1.850 [now 3.850], which was denied by the trial court and affirmed on appeal, Henzel v. State, 235 So.2d 358 (Fla.3d DCA 1970); and (c) a motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850 which was denied by the trial court and no appeal was taken therefrom. During the course of this litigation, the petitioner completed his five year sentence previously imposed and was released from prison.
The petitioner thereupon filed a petition for a writ of error coram nobis in the *399 trial court,[1] contending that he was deprived of due process of law because there was no evidence in the record to support his conviction. The trial court,- after a full hearing, entered a written order granting the petition, but later, upon the state’s motion, subsequently vacated this order on the ground that it had no jurisdiction to issue a writ of error coram nobis because the petitioner had not first sought permission from this court to file the instant petition. On appeal from the latter order of vacation, this court affirmed and subsequent certio-rari relief was denied. Henze1 v. State, 365 So.2d 172 (Fla.3d DCA 1978), cert. denied, 372 So.2d 469 (Fla.1979).
On August 24,1979, the petitioner filed in this court his first application for leave to file a petition for a writ of error coram nobis in the trial court, relying entirely on the above trial court order, subsequently vacated, which had granted his petition for a writ of error coram nobis. As the application set forth no facts upon which the requested eoram nobis relief could be granted, this court denied the application, but without prejudice to file a legally sufficient application as required by Hallman v. State, 371 So.2d 482 (Fla.1979).
On June 11, 1980, the petitioner filed in this court a second application, which is now pending, for leave to file in the trial court a petition for a writ of error coram nobis. In this application, the petitioner asserts as his ground for coram nobis relief that the trial judge failed to recall accurately certain of the complainant’s testimony at the trial due to the truncated nature of the trial which was held in four separate hearings over a period of several months. Specifically, it is urged that the trial court failed to recall the complainant’s testimony that the loans involved in all five informations herein arose from a single business transaction with the petitioner. It is further urged, in effect, that had the complainant’s testimony been accurately recalled, the trial court would have had no choice but to acquit the petitioner on all five informations, instead of only four. The evidentiary proffer made in support of this ground centers entirely on certain statements made by the trial court on the record that it was finding the petitioner guilty on one of the informations and later that this was the one where there was no promissory note. Petitioner claims that the complainant’s trial testimony is at variance with the trial court’s conclusion here.
The state has filed a detailed response to the above application and a full argument has been heard in this cause. We must determine whether this application states a sufficient basis to allow the petitioner to file a petition for a writ of error coram nobis in the trial court. We conclude that it does not.
II
The latest and most definitive statement by the Florida Supreme Court on the law relating to a petition for a writ of error coram nobis is Hallman v. State, 371 So.2d 482 (Fla.1979). In that case, the Court held that a defendant in a criminal case who seeks to collaterally attack his conviction and sentence in the trial court on a petition for a writ of error coram nobis must first obtain permission to do so from the appellate court which originally affirmed his conviction.[2] The Court, speaking through Mr. *400 Justice Alderman, comprehensively summarizes the established requirements which an application for permission to seek coram nobis relief must meet when filed in the appropriate appellate court:
“The requirements of a writ of error cor-am nobis have been set out in numerous cases from this Court. A petition for this writ addressed to the appellate court must disclose fully the alleged facts relied on; mere conclusory statements are insufficient. The appellate court must be afforded a full opportunity to evaluate the alleged facts for itself and to determine whether they establish prima facie grounds. Lamb v. State, [91 Fla. 396, 107 So. 535 (1926)] supra; Washington v. State, 92 Fla. 740, 110 So. 259 (1926); Urga v. State, 157 Fla. 794, 26 So.2d 786 (1946). Furthermore, the petition should assert the evidence upon which the alleged facts can be proved and the source of such evidence. Russ v. State, 95 So.2d 594 (Fla.1957). The function of a writ of error coram nobis is to correct errors of fact, not errors of law. Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934). The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence. Kinsey v. State, 155 Fla. 159,19 So.2d 706 (1944).
In considering a petition for writ of error coram nobis, the appellate court has the responsibility to determine the legal effect of the facts alleged upon the previously entered judgment. When the appellate court finds that the facts are sufficient in legal effect, the next step is for the trial court to determine the truth of the allegations in an appropriate eviden-tiary hearing. Chambers v. State, 117 Fla. 642, 158 So. 153 (1934).”
“The general rule repeatedly employed by this Court to establish the sufficiency of an application for writ of error coram nobis is that the alleged facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment. Williams v. Yelvington, 103 Fla. 145, 137 So. 156 (1931); House v. State, 130 Fla. 400, 177 So. 705 (1937); Baker v. State, 150 Fla. 446, 7 So.2d 792 (1942); Cayson v. State, 139 So.2d 719 (Fla. 1st DCA), appeal dismissed, 146 So.2d 749 (Fla.1962). In Russ v. State, this Court expressly stated: ‘The showing must be such that if the matters shown had been before the trial court when judgment was entered, the court would have been precluded from entering the judgment.’ 95 So.2d at 597 (emphasis added). This traditional ‘conclusiveness test’ in error coram nobis proceedings is predicated on the need for finality in judicial proceedings. This is a sound principle, for litigants and courts alike must be able to determine with certainty a time when a dispute has come to an end.” Id., 371 So.2d at 484-485.
Ill
It is clear that the petitioner’s application fails to satisfy the requirements for coram nobis relief as stated in the Hallman decision.[3] As such, the petitioner’s application must be denied.
*401 A
First, the application asserts no new facts which were unknown to the trial court, the petitioner or petitioner’s counsel at the time of the original trial. Indeed, all the facts the petitioner relies upon were revealed at the original trial and nothing new has since come to light. The assertion that the trial court may have failed to recall accurately certain of these facts at the time it rendered its verdict at trial, even if true, cannot, under any view, amount to the revelation of new facts or evidence, previously unknown, sufficient to trigger coram nobis relief.
B
Secondly, the alleged failure of the trial court to recall certain evidence at trial does not satisfy the conclusiveness test for coram nobis relief. There is no showing in this application, nor could there ever be, that had the trial court recalled the facts in the manner now urged by the petitioner, it would have been conclusively precluded from entering the criminal judgment herein. At best, petitioner can only speculate what the trial court might have done under different circumstances; indeed, he concedes that he has no way of knowing what was in the mind of the trial court when it rendered its verdict. We deal here with the subjective mental processes of the trier of fact and consider it totally unprovable that a different factual recall of the evidence would have conclusively led to an acquittal.
C
Finally, we agree with the state that the petitioner’s asserted ground for relief amounts, in effect, to an attack on the sufficiency of the evidence adduced at trial to support the petitioner’s conviction. The petitioner essentially complains that the state’s evidence at trial was legally insufficient to establish his guilt beyond a reasonable doubt and that the trial court misconceived the nature of the evidence before it in reaching an opposite conclusion. As such, the ground relied upon centers on an alleged trial court error of law, rather than of fact, and, accordingly, constitutes an invalid ground for coram nobis relief.[4]
The application for permission to file a petition for a writ of error coram nobis in the trial court is denied.

. Post-conviction relief under Fla.R.Crim.P. 3.850 was no longer available to the petitioner as he was not “in custody” under the sentence which he attacked having already completed serving said sentence. Wingard v. State, 210 So.2d 472 (Fla.2d DCA 1968); Fla.R.Crim.P. 3.850.

. The Court specifically held that its decision in Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla.1977), was not applicable “where coram nobis [relief] is sought in a criminal case.” Hallman v. State, 371 So.2d at 484. The Court also held that newly discovered evidence could not be a basis for relief upon a motion to vacate under Fla.R.Crim.P. 3.850. This latter holding appears to be in conflict with the following cases which announce a rule that newly discovered evidence, such as a third party confession, may be a valid ground for post-conviction relief under Fla.R.Crim.P. 3.850. State v. Gomez, 363 So.2d 624 (Fla.3d DCA 1978); Walden v. State, 310 So.2d 426 (Fla.3d DCA 1975); Kellerman v. State, 287 So.2d 702 (Fla.3d DCA 1973); Fast v. State, 221 So.2d 203 (Fla.3d DCA 1969); Diamond v. State, 233 So.2d 418 *400 (Fla.4th DCA 1970). See also State v. Pitts, 241 So.2d 399 (Fla.lst DCA 1970), vacated, 247 So.2d 53 (Fla. 1971). By implication, it would seem that on this point the above cases no longer represent good law. Newly discovered evidence pointing to the innocence of the accused may only be raised on a petition for a writ of error coram nobis providing it otherwise meets the established requirements for coram nobis relief.

. We assume, without deciding, that the evi-dentiary showing made in this application was sufficient to establish that the trial court failed to recall accurately the complainant’s testimony as to all the subject loans arising from a single business transaction. We are frankly rather skeptical that the trial court’s statements on the record reasonably lend themselves to such an inference, but have resolved not to rest our decision here on such a basis, as, in any event, the ground asserted for coram nobis relief is legally insufficient.

. It should be noted that the petitioner could have raised this alleged error of law on his direct appeal to this court, but chose, for whatever reason, not to do so. Henzel v. State, 212 So.2d 92 (Fla.3d DCA 1968). It would also appear that this error could have been raised, but was not, on petitioner’s various motions to vacate filed under Fla.R.Crim.P. 3.850 during the five year period he was in custody under the instant sentence. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and cases collected therein. He cannot now raise it through indirection on a petition for a writ of error coram nobis. Criminal litigation of this sort is not endless and has to terminate at some point as Judge Carroll prophetically noted ten years ago in this very litigation. Henzel v. State, 235 So.2d 358, 359 (Fla.3d DCA 1970) (Carroll, J., concurring).