PER CURIAM.
Jimmy D. Campbell appeals the summary denial of his motion for postconviction relief. We reverse.
In Campbell v. State, 616 So.2d 995 (Fla. 2d DCA 1992), we remanded for further consideration of one issue raised in Campbell’s motion: whether his trial attorney was ineffective for not investigating the possible existence of crucial “medical witnesses.”
After remand the trial court again denied the motion, finding that Campbell had not told his attorney about the witnesses until the evening before trial. The court attached to its order a transcript of the trial day’s proceedings. The transcript begins with counsel’s request for a continuance, motivated in part by this revelation from his client. It is the trial court’s position that, because the motion for continuance was heard and decided before trial, that issue could have been raised on direct appeal and is therefore barred from consideration in a proceeding for postconviction relief. See, e.g., Spencer v. State, 389 So.2d 652 (Fla. 1st DCA 1980).
The focus of the present appeal is, however, somewhat different than in Campbell’s plenary appeal. The correctness of the decision not to allow a continuance is not at issue. Based upon the information available to it at the time, the court may very well have been justified in requiring that the trial go forward.[1] Instead, our current responsibility is to determine the extent to which counsel’s asserted unpreparedness may have deprived Campbell of his constitutional rights.
If Campbell mentioned “crucial” witnesses only on the eve of trial, he may deserve the blame for counsel’s inability to use those witnesses. However, a close reading of Campbell’s motion indicates that he claims to have disclosed the existence of the witnesses long before his last-minute consultation with counsel. The attorney who tried the case, an assistant public defender, was not originally assigned to represent Campbell. The motion implies that the first attorney left the public defender’s office without fully investigating this case. If so, Campbell may have had no reason to suspect the witnesses would not be produced until the substitute attorney turned out to be unaware of them.
It appears an evidentiary hearing — at which the burden of proof rests with Campbell — may be necessary to resolve this issue. The inquiry should focus on the following issues: (1) Did Campbell provide the public defender’s office with the names of the witnesses? (2) If he did, was it soon enough that the public defender had ample time to locate and interview them? (3) If not, has he any plausible explanation, such as an unreasonable failure to contact or consult with him prior to trial? (4) Did Campbell inform the public defender what the witnesses might say if called to the stand? (5) Assuming the public defender knew about the witnesses, was there a reasonable basis for his failure to produce them? (6) Were the “missing” witnesses actually material witnesses, such that their absence may have affected the outcome of the trial?
Relief should not be granted unless Campbell can demonstrate both that counsel (and not he) is at fault and that the omission was prejudicial. We express no opinion as to the truthfulness of Campbell’s claims; we hold only .that the record now before us, reviewed under the standard set forth in Florida Rule of Appellate Procedure 9.140(g), is not sufficient to refute this portion of his motion.
Reversed.
FRANK, C.J., and SCHOONOVER and HALL, JJ., concur.

. The grant or denial of a continuance is within the sound discretion of a trial court. Accordingly, on appeal we would not reverse absent a showing that the trial court had abused its discretion. Bouie v. State, 559 So.2d 1113 (Fla.1990).