PER CURIAM.
Jimmy D. Campbell appeals the summary denial of his motion for postconviction relief. This is the third time this motion has been presented to this court. See Campbell v. State, 616 So.2d 995 (Fla. 2d DCA 1992); Campbell v. State, 624 So.2d 842 (Fla. 2d DCA 1993).
Previously, this court has held that only issue which may have merit is Campbell’s allegation that his counsel was ineffective for failure to properly investigate the possible existence of crucial medical witnesses. The trial court has again denied the motion and asserts that an evidentiary hearing is not necessary as the trial transcript shows that this evidence would be irrelevant. We disagree.
In our last opinion, this court set forth specific inquiries which should be made by the trial court. Campbell, 642 So.2d at 843. The trial court directs this court to six pages within the record and attaches an incomplete transcript in support of its most recent denial. The attachments are insufficient to refute the allegation that defense counsel may have been ineffective. The order denying the motion is reversed and the trial court shall conduct an evidentiary hearing to address Campbell’s allegation as discussed herein.
Reversed and remanded with instructions.
DANAHY, A.C.J., and PARKER and BLUE, JJ., concur.