708 So.2d 1011 (1998)
Larry KENDRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3980.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
*1012 Larry Kendrick, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Larry Kendrick appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, based on newly discovered evidence. We reverse.
Appellant was found guilty as charged of trafficking in cocaine after a jury trial in which he was tried along with a codefendant, his cousin Ralph Kendrick (Ralph), whose defense was to shift all the blame to Appellant.[1] Neither testified at trial.
However, two police officers testified for the state that they observed Appellant hand a white sock to Ralph, who ran upon seeing the police, then threw the sock, which was retrieved and contained cocaine. On Appellant's behalf, two defense witnesses testified to observing Ralph to be in possession of the cocaine before he approached Appellant.
Appellant's newly discovered evidence consisted of Ralph's sworn testimony, given for the first time on November 20, 1997, more than six years after their trial, that the cocaine was not Appellant's, but Ralph's, and that he had lied in telling the police that it was Appellant's. Ralph further testified that Officer Brown, one of the officers who testified at trial, told him to say that he got the cocaine from Appellant in order to keep his own prison time to a minimum. This testimony appears to qualify as newly discovered evidence because unknown to the trial court, the party, or counsel at the time of trial; because Ralph was unwilling to give it previously; and the defendant or his counsel could not have secured it previously by means of due diligence. See Hallman v. State, 371 So.2d 482, 485 (Fla.1979); State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978) (treating as newly discovered evidence the affidavit of defendant's codefendant that he committed the robbery without the defendant's assistance).
A defendant is not automatically entitled to an evidentiary hearing on filing a motion asserting newly discovered evidence. See Johnson v. Singletary, 647 So.2d 106 (Fla.1994) (determination must be made on case-by-case basis); Hough v. State, 679 So.2d 1300 (Fla. 5th DCA 1996) (hearing was unnecessary on affidavit stating someone else committed the crime, where appellant had been identified as perpetrator by victim as well as by other codefendant). However, where there is conflicting evidence of the defendant's guilt, it is necessary for the trial court to evaluate the weight of the newly discovered evidence and the evidence which was introduced at the trial to determine whether the new evidence would probably have resulted in an acquittal. See Jones v. State, 591 So.2d 911, 915-16 (Fla.1991). Often, this analysis will require an evidentiary hearing. See Roberts v. State, 678 So.2d 1232, 1235 (Fla.1996) (finding claim that prosecution witness recanted trial testimony constituted newly discovered evidence, that claim was cognizable on rule 3.850 motion, and that trial court should not have denied claim without an evidentiary hearing). See also Stone v. State, 616 So.2d 1041 (Fla. 4th DCA 1993) (affirming denial of rule 3.850 motion based on newly discovered evidence after hearing in which trial court determined affiant lacked credibility); Glendening v. State, 604 So.2d 839, 841 (Fla. 2d DCA) (denying motion after evidentiary hearing either on finding that witness was not testifying truthfully or on conclusion that appellant did not establish that verdict would have been different), rev. denied, 613 So.2d 4 (Fla. 1992).
The attachments to the order of denial in the instant casewhich include a transcript *1013 of the testimony of Officer Brown, whose credibility has been attacked, but not the testimony of the other officerdo not establish that the newly discovered evidence was not of such nature that it would probably produce an acquittal on retrial. Therefore, this cause is reversed and remanded for the trial court to hold an evidentiary hearing or for the attachment of further record excerpts conclusively refuting Appellant's claim.
STONE, C.J., and DELL and FARMER, JJ., concur.
NOTES
[1] A claim of ineffective assistance based on trial counsel's failure to sever Appellant's trial from Ralph's was raised and denied in a prior motion and is not now before this court.