740 So.2d 57 (1999)
Joseph G. TOTTA, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4093.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
Rehearing Denied July 14, 1999.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant and three other inmates were confined in the psychiatric unit of the Broward County Jail. After it was discovered that a metal television stand had been broken off the wall and a window on the stairs in the unit had been smashed, one of the inmates, McKlendon, claimed that the appellant and the others had used the television stand over a period of days to break the window.
Appellant was charged with and convicted of attempted escape. Within ten days of the verdict finding appellant guilty, appellant filed a motion for a new trial on the ground of newly discovered evidence. He alleged that one of the other cell mates, William Bobillo, had, prior to appellant's trial, refused to testify on appellant's behalf, asserting his fifth amendment right to remain silent. The day before appellant's trial commenced, Bobillo pled guilty and was now willing to testify. The trial court denied the motion for a new trial stating: "those are matters known at the time of trial." We reverse and remand for further proceedings.
The ground for appellant's motion for new trial contained in Florida Rule of Criminal Procedure 3.600, was:
(3) New and material evidence, which, if introduced at the trial would probably have changed the verdict or finding of *58 the court, and which the defendant could not with reasonable diligence have discovered and produced at the trial, has been discovered.
Our supreme court has construed this rule in a manner to preclude the granting of new trials:
[u]nless the evidence was discovered after trial, unless due diligence was exercised to have such evidence at the former trial, unless the evidence goes to the merits of the cause and not merely to impeach a witness who testified, unless the evidence is not cumulative, and unless it is such that it probably would have changed the verdict.
Clark v. State, 379 So.2d 97, 100 (Fla.1979).
It appears that the trial court, from the manner in which it denied the motion, concluded that the testimony of a co-defendant who previously refused to testify based on the fifth amendment, cannot as a matter of law constitute newly discovered evidence. There is some authority in other jurisdictions to support that proposition, and the state urges that we should adopt that position, citing State v. Jackson, 188 Wis.2d 187, 525 N.W.2d 739 (1994).
In Jackson, the Wisconsin Court of Appeals found a distinction between newly discovered evidence that was unknown at the time of the trial, and evidence that was known to the defense at the time of trial but unavailable because of the co-defendant's refusal to testify. The Wisconsin court relied on federal cases in which the courts have been unwilling to grant new trials based on this type of evidence. The federal courts, however, are not in agreement. For example, in United States v. Montilla-Rivera, 115 F.3d 1060 (1st Cir. 1997), the first circuit disagreed with several of its sister courts which have held that this could not be newly discovered evidence, stating its conclusion that:
The better rule is not to categorically exclude the testimony of a co-defendant who asserted his Fifth Amendment privilege at trial under the first prong [evidence which was unknown or unavailable at the time of trial] but to consider it, albeit with great skepticism, in the context of all prongs of our four part test.
The first circuit reversed the denial of Montilla's motion and remanded for further proceedings, observing that the government's case against the defendant was weak.
The parties have not called any case to our attention in which a Florida court has made a distinction between a motion for a new trial grounded on the type of evidence involved in this case, the now available testimony of a co-defendant who was previously unwilling to testify, and other types of newly discovered evidence. We have found two cases in which Florida appellate courts have reversed denials of rule 3.850 motions for post-conviction relief, for further proceedings, based on newly available testimony of defendants who were previously unwilling to testify. Kendrick v. State, 708 So.2d 1011 (Fla. 4th DCA 1998); State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978). The standard for granting a new trial based on newly discovered evidence under rule 3.850 is the same as under rule 3.600. Jones v. State, 709 So.2d 512, 521 (Fla.1998).
We are not persuaded by the cases from other jurisdictions that the evidence in this case cannot constitute newly discovered evidence. Because it is clear that this is why the trial court denied the motion, we reverse and remand for a hearing in which the court will determine whether this evidence exists, and whether it meets the requirements of rule 3.600 as interpreted by Clark. In doing so we note that the only evidence in this case that the appellant participated in the attempted escape was the testimony of one inmate, McKlendon, who admitted that he had been suffering from mental illness, but had not been taking his prescribed medication at the time of the incident. This was, accordingly, *59 not a case in which the state's evidence was strong.
POLEN and FARMER, JJ., concur.