KLEIN, J.
In Totta v. State, 740 So.2d 57 (Fla. 4th DCA 1999), we reversed an order which denied appellant’s motion for a new trial on the ground of newly discovered evidence. The basis of the motion was that another person named Bobillo, who was also charged in the same incident, had refused to testify at appellant’s trial, but after pleading guilty was now willing to testify that appellant was innocent. The trial court had held as a matter of law that such testimony could not constitute newly discovered evidence, but we disagreed and remanded for the court to consider the substance of the motion. On remand the court denied the motion. We affirm.
Appellant was convicted of attempted escape from a county jail. The conviction was based on evidence that appellant, one of three inmates confined in the psychiatric unit of the Broward County jail, had broken a metal television stand from the wall and smashed a window.[1] On remand the trial court held an evidentiary hearing at which Bobillo testified that appellant did not help him try to escape. Bobillo, however, had not been in the unit when the window was broken, and had only been placed in the unit shortly before he tried to escape through the broken window.
The trial court found Bobillo, who had been convicted of between ten and twenty-nine felony convictions, and was serving at least one life sentence for other crimes, to have no credibility. We agree, after reading Bobillo’s testimony, that he would not have been a credible witness. And, as we said earlier, Bobillo was not even on the scene when the window was broken, which was the essence of the charge against appellant. We cannot, therefore, say that the trial court abused its discretion in concluding that the new evidence was not evidence which “would probably have changed the verdict.” Fla.R.Crim.P. 8.600. Woods v. State, 733 So.2d 980 (Fla.1999).
We have also considered the sentencing issues raised by appellant and find that they are without merit. Affirmed.
DELL and GROSS, JJ., concur.

. In our earlier opinion in this case, we observed that the conviction was based on the testimony of only one witness, an inmate who admitted he had been suffering from mental illness and not taking his prescribed medication at the time of the incident. We neglected to note in that opinion that there was additional evidence. Bobillo, who was charged with attempted escape, but did not testify in appellant's trial, was discovered in his attempt to escape to have been wearing civilian clothes, while appellant was wearing Bobillo's prison clothes under his own prison clothes.