GREEN, J.
Appellant, Tracy McLin, appeals the denial of his motion for post-conviction relief made pursuant to Rule 3.850, Florida Rule of Criminal Procedure. McLin claims that the trial court erred both in making a credibility determination of an affidavit without calling the affiant to testify at the evidentiary hearing and in finding that he failed to meet his burden in support of his claim of ineffective assistance of counsel. We disagree and affirm.
McLin was charged with first-degree murder and armed robbery. Several witnesses testified against him at his trial. Oliver Menzies, the state’s main witness, testified that on the night in question, he and Jose Saldana were passengers in a car driven by McLin and were on their way to a night club when McLin spotted a man leaving his car and walking towards his residence. According to Menzies, McLin made a sudden u-turn in front of the resi *476 dence, got out of the car, shot the man and took his wallet. Menzies claimed that he and Saldana stayed in the car the entire time. Saldana did not testify at the trial. Nadine Sylvester, McLin’s girlfriend, testified that McLin admitted to being the shooter while they were watching a television news account of the murder. Ms. Sylvester notified police and told them that McLin kept a picture of a 9mm gun (the kind used in the murder) in a bible he had in his living room. That photograph was found and made part of the evidence against McLin at trial.
A police officer testified that approximately two weeks after the murder, the police stopped a car driven by Menzies in which McLin was a passenger. The police noticed a semi-automatic weapon between the seats while reviewing Menzies’ driver’s license. As the officer attempted to arrest Menzies, he struggled and ran away. McLin was released from the scene. A search of the car revealed a second gun, both of which had been reported stolen. One of the guns found was the murder weapon used in this case.
Subsequent to receiving the infonnation from Ms. Sylvester, police visited McLin’s home with a search warrant. They recovered from the bible, the photo of a gun that resembled the murder weapon. McLin was later arrested and after a trial, was convicted of both first degree murder and armed robbery. He was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal before this court. See McLin v. State, 685 So.2d 11 (Fla. 3d DCA 1996). McLin then filed the motion for post-conviction relief that is the subject of this appeal.
In support of his motion, McLin offered as new evidence, the affidavit of Jose Sal-dana dated May 3, 1996. In this affidavit, Saldana averred that he was present at the time of the murder, but McLin was not, and that he witnessed Menzies shoot the victim. Further, Saldana claimed that he lied in his pretrial deposition about McLin’s involvement in the murder because Menzies had threatened him.
The state responded to this affidavit with a letter from McLin to Saldana which Saldana had handed over to the police in September 1995, prior to submitting this affidavit. An examination of a latent print lifted from the letter revealed McLin’s fingerprint. In the letter, McLin instructs Saldana to contact his attorney to explain that it was Menzies who committed the murder, not McLin, and that McLin was not even present. The letter further purported to give Saldana some assurance that Saldana could not be charged with perjury since he had not testified at the trial and his pretrial deposition testimony was irrelevant.
Since Saldana’s affidavit post-dated McLin’s letter, the state requested that the trial court discount the affidavit. Accordingly, the trial court assigned no weight to this purported newly discovered evidence and limited the evidentiary hearing to the issue of the ineffectiveness of trial counsel.
As his first argument on appeal, McLin contends that he was entitled to have Saldana personally testify at the evi-dentiary hearing below in order for the trial court to make its credibility determination. We disagree. First of all, the trial court correctly recognized that in order for evidence to qualify as newly discovered, “[the asserted] facts ... must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that the defendant or his counsel could not have known them by the use of diligence.” See Hallman v. State, 371 So.2d 482 (Fla.1979). Moreover, where there is conflicting evidence of a *477 defendant’s guilt, the trial court must evaluate the weight of the newly discovered evidence against the evidence adduced at trial to determine whether the new evidence would probably have resulted in an acquittal. See Jones v. State, 591 So.2d 911 (Fla.1991); Kendrick v. State, 708 So.2d 1011 (Fla. 4th DCA 1998). Thus, the trial court was required to determine whether the averments of Saldana’s affidavit were sufficient to create a probability of McLin’s acquittal, notwithstanding all of the other evidence adduced at trial against McLin.
Here, after reviewing Saldana’s affidavit, the trial court concluded that it did not qualify as newly discovered evidence because it would not likely have changed the outcome of the trial given the other evidence adduced at trial. The court added, that in all likelihood, the affidavit was untruthful considering McLiris earlier letter to Saldana. We find no error in this determination and hence find no merit to McLiris first point on appeal.
Similarly, we find no merit to McLiris argument that the trial court erred in finding that he had not sustained his burden under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to establish the ineffectiveness of his trial counsel. The trial court found that McLin did not demonstrate that the absence of any of the claimed deficiencies of his trial counsel, even if valid, would have somehow altered the outcome of this trial.
Affirmed.