FULMER, Judge.
David Benjamin appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] In 1998 Benjamin was convicted after jury trial of aggravated child abuse and child neglect. He now alleges newly discovered evidence, ineffective assistance of trial counsel, and a sentencing error. We reverse as to the newly discovered evidence claim and affirm as to the other claims.
Benjamin alleges that the child’s mother, Jamie Ashwell, has now come forward and admitted to accidentally causing the injuries which formed the basis of the child abuse charge. He supports his sworn allegation with a letter written by Ashwell stating that she caused the injuries and a letter written by Ashwell’s sister stating that, at the time they happened, Ashwell told her she had caused the injuries. According to Ashwell’s letter, Benjamin was not present when the injury occurred and she did not tell him about it.
In order to prevail on a claim of newly discovered evidence, the claimant must demonstrate that the evidence was unknown by the trial court, the party, or counsel at the time of trial and could not have been learned through the use of due diligence, and that the evidence is of such nature that it would probably produce an acquittal on retrial. Jones v. State, 709 So.2d 512, 521 (Fla.1998).
The trial court denied Benjamin’s motion finding that the above evidence could have been discovered for trial with due diligence and that there was not a reasonable probability that it would have produced an acquittal. The trial court did not provide any analysis or record evidence to support either of these findings and we cannot agree with them.
First, we see no manner by which Benjamin or his attorney could have learned of Ashwell’s actions until she was willing to admit to them. See Kendrick v. State, 708 So.2d 1011 (Fla. 4th DCA 1998) (holding that codefendant’s statement exonerating movant was newly discovered evidence because the codefendant had been unwilling previously to give it and movant would have had no other way to obtain it).
Second, the record does not support the trial court’s conclusory statement that this evidence would not have resulted in an acquittal. Under Jones, the trial court should have considered the admissibility of the new evidence, the weight to be accorded to it including whether it went to the merits of the case or only to impeachment, whether it was cumulative of other evidence, its materiality and relevance, and whether it was inconsistent with other evidence. 709 So.2d at 521. There is no indication that the trial court considered any of these factors.
According to Benjamin, the entire case against him was circumstantial. Based on this allegation and the very limited record we have, it thus appears that the evidence would have been admissible, that it would have been accorded significant weight because it went to the merits of the case, that it was material and relevant, that it was not cumulative of any other evidence and inconsistent only with Ashwell’s prior statement to the police. Under these circumstances, an evidentiary hearing is nec *149 essary. We therefore reverse and remand as to this claim for such a hearing.
Benjamin next claims that counsel was ineffective for not calling Ashwell to testify at trial. Since neither Benjamin nor his attorney expected that Ashwell would testify favorably to Benjamin at the time of trial and apparently expected her testimony to be damaging, counsel cannot be ineffective in failing to call her. We therefore affirm as to this claim. We affirm as to Benjamin’s sentencing claim without discussion.
Affirmed in part, reversed in part, and remanded for an evidentiary hearing.
THREADGILL, A.C.J., and GREEN, J., Concur,

. Benjamin actually entitled his motion as a petition for writ of habeas corpus. The trial court correctly treated it as a postconviction motion.