912 So.2d 342 (2005)
Cedrick BRANTLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2151.
District Court of Appeal of Florida, Third District.
September 28, 2005.
Cedrick Brantley, in proper person.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE, C.J., and LEVY, J., and SCHWARTZ, Senior Judge.

On Motion for Rehearing
PER CURIAM.
The court grants the appellant's motion for rehearing, withdraws the court's previous opinion, and substitutes the following opinion.
This is an appeal from an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
Cedrick Brantley was convicted of first degree murder of John Beliard. The co-defendant charged in the case was Widner Gabriel. The murder took place in 1994.
Defendant-appellant Brantley seeks a new trial on the basis of newly discovered evidence. That evidence is an affidavit from his former co-defendant Widner Gabriel. Gabriel's affidavit is a five-page narrative which explains that he took the two shooters to the victim's home, where the shooters encountered the victim and killed him. Gabriel names the two shooters and states that the defendant was not present and was not involved in the shooting.
The State argues that this affidavit does not qualify as newly discovered evidence because co-defendant Gabriel was, of course, known to the defense at the time of trial. According to the Rule 3.850 motion, defense counsel tried to obtain the cooperation of co-defendant Gabriel, but co-defendant Gabriel refused. Based on the limited record before us, it appears that *343 defense counsel could not have procured co-defendant Gabriel's testimony on account of the Fifth Amendment privilege against self incrimination.
Florida courts have held that evidence can be treated as newly discovered where it is "based on newly available testimony of defendants who were previously unwilling to testify." Totta v. State, 740 So.2d 57, 58 (Fla. 4th DCA 1999) (citing Kendrick v. State, 708 So.2d 1011 (Fla. 4th DCA 1998)); State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978)[*]; 15 Fla. Jur.2d Criminal Law § 2067 (2001).
In the present case, Gabriel has stated in his affidavit that he was present at the time of the shooting, he has named the two individuals who he claims did the shooting, and he has stated that the defendant was neither present nor involved. This is very similar to the affidavit in McLin v. State, 827 So.2d 948, 951-52 (Fla.2002), where an evidentiary hearing was ordered.
The State argues alternatively that Gabriel would be a weak witness on the defendant's behalf because Gabriel himself made conflicting statements about the crime when it was investigated. The State also argues that there is other evidence of the defendant's guilt, although no physical evidence links him to the crime.
This is an appeal from a summary denial of a postconviction motion under Rule 3.850. Under this court's standard of review, we are obligated to reverse "unless the record shows conclusively that the appellant is entitled to no relief...." Fla. R.App. P. 9.141(b)(2)(D) (emphasis added). Since the record does not conclusively refute the defendant's claim at this point, we reverse the order now before us and remand for an evidentiary hearing.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] In Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981), this court suggested that Gomez had been overruled sub silentio by the Florida Supreme Court's decision in Hallman v. State, 371 So.2d 482 (Fla.1979). The Hallman decision had stated that Rule 3.850 could not be used to assert a claim of newly discovered evidence. Id. at 484.

Thereafter, the Florida Supreme Court receded from Hallman in Richardson v. State, 546 So.2d 1037 (Fla.1989), and held that Rule 3.850 may be used for claims of newly discovered evidence for a defendant who is in custody. Richardson, 546 So.2d at 1039; see also Wood v. State, 750 So.2d 592 (Fla.1999) (extending Rule 3.850 to claims formerly cognizable by petition for writ of error coram nobis).
In light of these subsequent developments, Gomez remains viable as an interpretation of Rule 3.850 in the context of a claim for postconviction relief based on newly discovered evidence.