47 So.3d 854 (2010)
Marco NORDELO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D09-1269.
District Court of Appeal of Florida, Third District.
October 13, 2010.
Rehearing and Rehearing En Banc Denied November 18, 2010.
*855 Silvia M. Gonzalez, for appellant.
Bill McCollum, Attorney General, and Nicholas A. Merlin, Assistant Attorney General, for appellee.
*856 Before COPE, WELLS, and CORTIÑAS, JJ.
CORTIÑAS, J.
Nineteen years ago, a jury found Marco Nordelo guilty of armed robbery of a convenience store and sentenced him to life in prison as a habitually violent offender. Before Nordelo's trial began, his codefendant entered a plea of no contest and was sentenced to twenty-five years in state prison.
Two years ago, Nordelo filed a Motion for New Trial Based on Newly Discovered Evidence and Prosecutorial Misconduct Pursuant to Rule 3.850. Attached to the motion was an affidavit from Nordelo's codefendant, a nineteen-time convicted felon, alleging that Nordelo had not participated in the robbery and naming a different co-perpetrator. The codefendant claimed that he did not come forward with this information sooner because he was afraid that the State would take away his plea offer.
At a hearing on the motion, the trial court ruled that "[t]he evidence could have been obtained through due diligence simply" and that just because the codefendant's custodial status changed and he "decided to come forward does not render the evidence newly discoverable." The trial court entered a written order "finding that the evidence as to both counts is not newly discovered and could have been obtained through due diligence" and that the allegation of prosecutorial misconduct was successive to one of Nordelo's prior Motions for Post-Conviction relief. The order directed the clerk to attach necessary record excerpts from the file to support the ruling. Nordelo now appeals the part of the trial court's order denying his motion for a new trial based on newly discovered evidence, arguing that the case must be remanded for an evidentiary hearing.
In Jones v. State, 591 So.2d 911 (Fla.1991), the Florida Supreme Court "articulated a two-step inquiry for determining whether a defendant is entitled to relief for newly discovered evidence." McLin v. State, 827 So.2d 948, 956 (Fla. 2002) (citing Jones, 591 So.2d at 915-16). The first prong is that "in order to be considered newly discovered, the evidence `must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.'" Jones v. State, 709 So.2d 512, 521 (Fla. 1998) (quoting Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-25 (Fla.1994)).
The second prong "requires that `in order to provide relief, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.'" McLin, 827 So.2d at 956 (quoting Jones, 591 So.2d at 915). "To reach this conclusion the trial court is required to `consider all newly discovered evidence which would be admissible' at trial and then evaluate the `weight of both the newly discovered evidence and the evidence which was introduced at the trial.'" Jones, 709 So.2d at 521 (citing Jones, 591 So.2d at 916). The trial court thoroughly considers the evidence so that an "appellate court can `fully evaluate the quality of the evidence which demonstrably meets the definition of newly discovered evidence.'" McLin, 827 So.2d at 956 (citing Jones, 591 So.2d at 916).
The codefendant's affidavit cannot be deemed newly discovered evidence because it was either known to or easily discoverable by Nordelo and his counsel: the court allowed them both to speak with the codefendant after his plea was accepted and before Nordelo's trial began. Put in the context of due diligence, if Nordelo *857 had believed that he was innocent, then he would have had a reasonable basis for believing that his codefendant would provide exculpatory testimony and would have sought to elicit such testimony. Indeed, the record is clear that neither side called the codefendant as a witness.
Nordelo cites Brantley v. State, 912 So.2d 342 (Fla. 3d DCA 2005), for the proposition that evidence can be treated as newly discovered where it is "`based on newly available testimony of defendants who were previously unwilling to testify.'" Totta v. State, 740 So.2d 57, 58 (Fla. 4th DCA 1999) (citing Kendrick v. State, 708 So.2d 1011 (Fla. 4th DCA 1998)). However, in Brantley, "[a]ccording to the Rule 3.850 motion, defense counsel tried to obtain the cooperation of [the] co-defendant... but [he] refused[, and] ... defense counsel could not have procured [his] testimony on account of the Fifth Amendment privilege against self incrimination." Brantley, 912 So.2d at 342-43. In contrast, Nordelo failed to allege in his motion that he ever, in seventeen years, asked his codefendant to testify.
The codefendant now claims in his affidavit that the reason he did not come forward with this information sooner is because he "was afraid that the Officer of the State Attorney would take away [his] plea offer." This is nonsensical: as the court had already accepted his plea, which required him neither to testify for the State nor to refrain from testifying for Nordelo, he could have come forward with this supposed information at any time, and the State would have had no discretion or authority to withdraw the plea offer or vacate the plea. Furthermore, the codefendant does not state in his affidavit, nor does Nordelo allege, that he was coerced or threatened by anyone, including the State.[1]
This case is also distinguishable from the line of cases involving recanted testimony, such as Keen v. State, 855 So.2d 117 (Fla. 2d DCA 2003). There, the witness testified against the defendant at trial, and the defendant could not have known that the witness would eventually change his testimony; here, it is unknown what Nordelo's codefendant would have said since neither side ever asked him to testify. Nordelo suggests that because his codefendant made no prior inconsistent statements contradicting the statement in his affidavit that someone other than Nordelo committed the robbery, his credibility must be evaluated in an evidentiary hearing.
However, an evidentiary hearing is not required here: one is required, if at all, for the sole purpose of allowing the trial court to determine whether the newly discovered evidence is of "such nature that it would probably produce an acquittal on retrial." Jones, 591 So.2d at 915. Furthermore, such a hearing is not required when "the affidavit is inherently incredible or obviously immaterial to the verdict." Stephens v. State, 829 So.2d 945, 946 (Fla. 1st DCA 2002); see Taylor v. State, 877 So.2d 842, 843 (Fla. 3d DCA 2004); Evans v. State, 843 So.2d 938, 940 (Fla. 3d DCA *858 2003). "Such rulings must be made on a case-by-case basis." Johnson v. Singletary, 647 So.2d 106, 111 (Fla.1994).
Nordelo complains that the trial judge failed to attach portions of the record to her order in contravention of rule 3.850(d), Florida Rules of Criminal Procedure. See Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) (citing Hoffman v. State, 571 So.2d 449, 450 (Fla. 1990)) ("To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion."). However, that portion of Rule 3.850(d) regards only "those instances when the denial is not predicated on the legal insufficiency of the motion on its face." As Nordelo's motion is legally insufficient, the trial court's summary denial is adequate.
In order for an appellate court "[t]o uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." Peede v. State, 748 So.2d 253, 257 (Fla.1999) (citing Fla. R.Crim. P. 3.850(d)). Nordelo's claims are both. First, his claim that his codefendant's affidavit is newly discovered evidence is invalid on its face: as explained above, the affidavit provides no information that neither Nordelo nor his counsel could have discovered at the time of trial through the exercise of due diligence. Second, his claim is conclusively refuted by the record: the State presented overwhelming evidence of Nordelo's guilt during the trial, including the victim's identification of both defendants from photo lineups with one hundred percent certainty. Furthermore, under Taylor v. State, 877 So.2d 842, 843 (Fla. 3d DCA 2004), "the trial court could properly reject the affidavit, for it is `inherently incredible'": therein, the codefendant claims he was the driver of the white car, while the record shows that the arresting officer testifiedand Nordelo never disputedthat Nordelo was driving at the time of his arrest.
We agree that this alleged evidence cannot meet the first prong of the newly discovered evidence test. We therefore affirm the trial court's summary denial of the newly discovered evidence claim. We find that the record shows conclusively that Nordelo is entitled to no postconviction relief, and we affirm the trial court's order.
Affirmed.
WELLS, J., concurs.
COPE, J. (dissenting).
The only issue before us is a narrow one: whether the claim of newly discovered evidence should have been denied without an evidentiary hearing. Respectfully, as a matter of pleading, this motion is sufficient to call for an evidentiary hearing. Whether the defendant will ultimately be entitled to any relief is an entirely different matter.
The affidavit of codefendant Angel Lopez maintains that he (Lopez) committed the charged crime with a man named Jose Sanchez, not this defendant. Where the claim is that the defendant is actually innocent of the crime charged, the court should err on the side of granting an evidentiary hearing.
Alternatively, if there is any pleading deficiency, then the State is correct that leave to amend should be granted.

I.
Defendant-appellant Marco Nordelo and codefendant Angel Lopez were charged with holding up a Circle K convenience store on May 29, 1990. They took money *859 from the cash register and the attendant. About one month after the robbery, the police showed the victim photo lineups, and the victim identified the defendant and codefendant. The victim felt certain of his identification.
The case proceeded to trial in 1991. On the day of trial, the codefendant accepted a plea offer in exchange for a twenty-five year prison sentence. The plea agreement did not require codefendant Lopez to testify at the defendant's trial. The defendant and his attorney, Mr. Casabielle, were given the opportunity to speak with codefendant Lopez after the acceptance of the plea but prior to the start of the defendant's trial. According to codefendant Lopez' affidavit, "I took the plea and then refused to testify." Neither side called codefendant Lopez to testify at trial.
The defendant's identity was an issue at trial. Brief of Appellee, Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992). The defendant was convicted and sentenced to life imprisonment as a habitual violent felony offender. The conviction was affirmed on appeal. Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992).
Codefendant Lopez completed his twenty-five year sentence and was released. He contacted Nordelo's family about the case. Lopez stated that he held up the Circle K with another man, Jose Sanchez, and the defendant was not involved.
Nordelo's counsel filed the current Florida Rule of Criminal Procedure 3.850 motion, supported by an affidavit from codefendant Lopez. The affidavit states:
AFFIDAVIT OF ANGEL LOPEZ
I, Angel Lopez, do swear under penalty of perjury, that the following statements are true and correct:
I was involved in the armed robbery of the Circle-K convenience store on May 29, 1990, at approximately 6:45 am, located at 595 SE Okeechobee Road. I entered this convenience store with an accomplice named Jose Sanchez, not Mr. Marco Nordelo.
Mr. Nordelo was not present at the time of the robbery, and was not involved in any way.
I was then involved in the Grand Theft of a Ford Taurus on the next day, May 30, 1990. I was driving this stolen car when I came into contact with Mr. Nordelo.
Mr. Nordelo was the passenger in this car when we were both arrested on May 31, 1990. Any items from the robbery that were in the car were placed there by me.
I did not come forward with this information sooner, as I was afraid that the Office of the State Attorney would take away my plea offer. I took the plea and then refused to testify. I was ignorant of the law and was afraid that if I had not cooperated with the State Attorney, then my plea would have been refused.
Marco Nordelo was mis-identified by Mr. Benavides, the victim in the robbery. He should have never been convicted because he is innocent of this crime.
I feel it is now time to come forward with the truth.
Respectfully submitted,
/s/
______________________
Angel Lopez
The motion came before the trial court for hearing. After hearing argument of counsel, the trial court summarily denied the motion, ruling that the evidence "is not newly discovered and could have been obtained through due diligence." The defendant *860 has appealed.[2]
In order to obtain a new trial based on newly discovered evidence, a defendant must meet two requirements:
First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must also appear that neither the defendant nor defense counsel could have known of such evidence by the use of diligence. Second, the newly discovered evidence must be of a nature that it would probably produce an acquittal on retrial or yield a less severe sentence.
Davis v. State, 26 So.3d 519, 526 (Fla.2009) (citing Jones v. State, 709 So.2d 512, 521 (Fla.1998) (Jones II); Jones v. State, 591 So.2d 911, 915 (Fla.1991) (Jones I)).
The Rule 3.850 motion in this case was dismissed at the pleading stage. "In reviewing a trial court's summary denial of postconviction relief, this Court must accept the defendant's allegations as true to the extent that they are not conclusively refuted by the record." Hunter v. State, 29 So.3d 256, 261 (Fla.2008), cert. denied, ___ U.S. ___, 130 S.Ct. 76, 175 L.Ed.2d 53 (2009). Where deficiencies in a motion can be cured by amendment, an opportunity to amend should be given. Davis, 26 So.3d at 527.
"The determination of whether the statements [which constitute the newly discovered evidence] are true and meet the due diligence and probability prongs of Jones II usually requires an evidentiary hearing to evaluate credibility unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence." Id.
It is certainly true that codefendant Lopez has come forward with his affidavit many years after the crime was committed in 1990, and after he entered a plea in 1991. However, the amount of time which elapsed is not dispositive. In Davis, the defendant had been convicted of first degree murder in 1987. In 2008, twenty-one years later, he filed a postconviction motion alleging newly discovered evidence, namely, that two trial witnesses recanted portions of their trial testimony. The trial court ruled that the evidence was not newly discovered. The Florida Supreme Court said that this ruling was error:
Here, as in Swafford [v. State, 679 So.2d 736 (Fla.1996),] the State's only argument to dispute due diligence was that defense counsel had "years" to find the witness. See id. Regardless of the time span from the time of trial to the discovery of the new testimony, recanted testimony cannot be "discovered" until the witness chooses to recant. See Burns v. State, 858 So.2d 1229, 1230 (Fla. 1st DCA 2003) ("Even though the appellant knew at trial that the codefendant was lying, the appellant could not have gotten the codefendant to admit that he was lying earlier, and thus the recantation is newly discovered evidence that could not have been obtained earlier with due diligence."). Logically, even if counsel had or could have located these witnesses at an earlier date such earlier date does not conclusively establish that the witnesses would have recanted their testimony at that earlier time.
Davis, 26 So.3d at 528 (emphasis added). The same logic applies in the present case.

*861 II.
The Davis court explained that there is an important distinction between the requirements (a) to plead the existence of newly discovered evidence, versus (b) the heightened requirements to establish due diligence during an evidentiary hearing. The pleading requirement is lower; the proof requirement is higher. The Davis Court said:
The postconviction trial court appears to have incorrectly applied the heightened requirements to establish due diligence during an evidentiary hearing to evaluate the allegations at a pleading stage. However, permitting a newly discovered evidence claim to proceed to an evidentiary hearing does not establish that the recanted testimony qualifies as newly discovered evidence as a matter of law. See Swafford, 679 So.2d at 739. The newly discovered evidence claim remains to be factually tested in an evidentiary hearing to determine whether the defendant has demonstrated that the successive motion has been filed within the time limit for when the statement was or could have been discovered through the exercise of due diligence. See id. The motion here was sufficiently pled to allow the opportunity to prove through the testimony of witnesses that the threshold requirement of due diligence was satisfied. Accordingly, the postconviction trial court erred in summarily denying this claim on the basis that the pleading failed to sufficiently satisfy the due diligence requirement at that stage of the proceeding.
26 So.3d at 528-29.
Codefendant Lopez's affidavit states that he "did not come forward with this information [exonerating the defendant] sooner, as I was afraid that the Office of the State Attorney would take away my plea offer. I took the plea and then refused to testify. I was ignorant of the law and was afraid that if I had not cooperated with the State Attorney, then my plea would have been refused." For pleading purposes, we are required to accept that statement as true. The majority opinion says that this statement is nonsensical, majority op. at 857, by which the majority opinion means that codefendant Lopez was wrong about the law. For present purposes, however, we are required to accept the proposition that the defendant did not know the lawwhich is what his affidavit saysand believed that any cooperation would jeopardize his plea. He states that he refused to testify.
Notwithstanding the codefendant's ignorance of the law, it is in theory possible that this defendant's counsel could have called codefendant Lopez to the stand and requested an order from the judge to compel him to testify. Given that the codefendant believed testimony would jeopardize his plea agreement, we must assume for present purposes (based on the affidavit) that the defendant would have persisted in his refusal to testify or at least, declined to testify in a way that would assist the defense.
In its brief, the State contends that the Rule 3.850 motion should have more allegations than it does. The State argues:
[T]he Rule 3.850 motion alleges there was contact between the defendant or defendant's counsel and codefendant Lopez shortly prior to the start of Nordelo's trial. Allegations as to what transpired at that timewhether Lopez said he would cooperate after his own case was over; whether he said he would incriminate the defendant; or whether he said nothing at allwould be essential to any determination of whether Nordelo exercised due diligence when *862 failing to contact Lopez some 17 years after Nordelo's trial.
Answer Br. of Appellee at 15. The State continued by saying, "The State notes that insofar as the motion was denied as legally insufficient, the denial should have been without prejudice, under Spera v. State, 971 So.2d 754, 761 (Fla.2007), to file an amended motion with further allegations regarding due diligence."
While the State sees the issue as a pleading matter which should be resolved by conferring leave to amend, this writer believes the case law indicates that where the existence of newly discovered evidence has been pled, and there is a question whether the defendant exercised due diligence, the proper procedure is to conduct an evidentiary hearing at which evidence will be taken on the due diligence issue, as well as the other issues presented. The Hunter case, previously cited, is illustrative. James Hunter, Eric Boyd and several other individuals committed multiple crimes, culminating in multiple murders. Hunter was convicted. He requested postconviction relief claiming newly discovered evidence that codefendant Boyd had recently confessed to shooting Cooley, one of the surviving victims. Defendant Hunter alleged that Boyd previously refused to give a statement because he was promised by prosecutors that they would clear the matter up and that he should keep quiet. Id. at 262-63. The Hunter Court said:
In similar circumstances, Florida courts have found post-trial confessions from codefendants to qualify as newly discovered in the sense that the evidence was not known at the time of trial and could not have been known by the use of due diligence. See Brantley v. State, 912 So.2d 342, 342-43 (Fla. 3d DCA 2005) (remanding for an evidentiary hearing based on the affidavit of a codefendant which stated the defendant was not present and was not involved in the shooting and based on the postconviction motion which alleged that defense counsel tried to obtain the codefendant's cooperation but was refused); Roundtree v. State, 884 So.2d 322, 323 (Fla. 2d DCA 2004) (holding that the defendant's allegations that his codefendant admitted that the defendant had no role in the robbery and that the codefendant had not testified on the defendant's behalf because he had been coerced by the State were sufficient to state a prima facie claim of newly discovered evidence); Kendrick v. State, 708 So.2d 1011, 1012 (Fla. 4th DCA 1998) (stating that a codefendant's sworn post-trial testimony that he lied to police and that he was told by police to say he got the cocaine from the defendant in order to keep his own prison time to a minimum qualified as newly discovered evidence because it was unknown, the codefendant was unwilling to give the testimony previously, and the testimony could not have been secured through due diligence); State v. Gomez, 363 So.2d 624, 626-28 (Fla. 3d DCA 1978) (treating as newly discovered evidence the post-trial affidavit of a codefendant confessing to having committed the robbery without the defendant's assistance).
Id. at 263. The circumstances present here are comparable.
In conclusion, I respectfully suggest that under established precedent, the Rule 3.850 motion is legally sufficient and the matter should be remanded for an evidentiary hearing. Alternatively, as suggested by the State, any affirmance should be with leave to amend the Rule 3.850 motion.
NOTES
[1] For the first time on appeal, Nordelo argues that he could not have compelled his codefendant's exonerating testimony because that would have required the codefendant to implicate himself, in contravention of the Fifth Amendment's right to silence, in the theft of the white car the two drove in a high-speed chase two days after the robbery. Although we cannot consider this argument for the first time on appeal, see Castor v. State, 365 So.2d 701, 703 (Fla. 1978), we note that there is no reason why the codefendant could not have exonerated Nordelo without mentioning the white car; in fact, Nordelo's 1992 direct appeal held that evidence of the high speed chase was irrelevant and should have been excluded.
[2] The State said that it would file a copy of the entire trial transcript, but did not do so. The trial court's order contemplated that excerpts from the court record would be attached, but neither the order nor the State identifies anything specific that was to be attached.