COPE, J.
(dissenting).
The only issue before us is a narrow one: whether the claim of newly discovered evidence should have been denied without an evidentiary hearing. Respectfully, as a matter of pleading, this motion is sufficient to call for an evidentiary hearing. Whether the defendant will ultimately be entitled to any relief is an entirely different matter.
The affidavit of codefendant Angel Lopez maintains that he (Lopez) committed the charged crime with a man named Jose Sanchez, not this defendant. Where the claim is that the defendant is actually innocent of the crime charged, the court should err on the side of granting an evidentiary hearing.
Alternatively, if there is any pleading deficiency, then the State is correct that leave to amend should be granted.
I.
Defendant-appellant Marco Nordelo and codefendant Angel Lopez were charged with holding up a Circle K convenience store on May 29, 1990. They took money *859 from the cash register and the attendant. About one month after the robbery, the police showed the victim photo lineups, and the victim identified the defendant and codefendant. The victim felt certain of his identification.
The case proceeded to trial in 1991. On the day of trial, the codefendant accepted a plea offer in exchange for a twenty-five year prison sentence. The plea agreement did not require codefendant Lopez to testify at the defendant’s trial. The defendant and his attorney, Mr. Casabielle, were given the opportunity to speak with codefen-dant Lopez after the acceptance of the plea but prior to the start of the defendant’s trial. According to codefendant Lopez’ affidavit, “I took the plea and then refused to testify.” Neither side called codefendant Lopez to testify at trial.
The defendant’s identity was an issue at trial. Brief of Appellee, Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992). The defendant was convicted and sentenced to life imprisonment as a habitual violent felony offender. The conviction was affirmed on appeal. Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992).
Codefendant Lopez completed his twenty-five year sentence and was released. He contacted Nordelo’s family about the case. Lopez stated that he held up the Circle K with another man, Jose Sanchez, and the defendant was not involved.
Nordelo’s counsel filed the current Florida Rule of Criminal Procedure 3.850 motion, supported by an affidavit from code-fendant Lopez. The affidavit states:

AFFIDAVIT OF ANGEL LOPEZ

I, Angel Lopez, do swear under penalty of perjury, that the following statements are true and correct:
I was involved in the armed robbery of the Circle-K convenience store on May 29, 1990, at approximately 6:45 am, located at 595 SE Okeechobee Road. I entered this convenience store with an accomplice named Jose Sanchez, not Mr. Marco Nordelo.
Mr. Nordelo was not present at the time of the robbery, and was not involved in any way.
I was then involved in the Grand Theft of a Ford Taurus on the next day, May 30, 1990. I was driving this stolen car when I came into contact with Mr. Nordelo.
Mr. Nordelo was the passenger in this car when we were both arrested on May 31, 1990. Any items from the robbery that were in the car were placed there by me.
I did not come forward with this information sooner, as I was afraid that the Office of the State Attorney would take away my plea offer. I took the plea and then refused to testify. I was ignorant of the law and was afraid that if I had not cooperated with the State Attorney, then my plea would have been refused.
Marco Nordelo was mis-identified by Mr. Benavides, the victim in the robbery. He should have never been convicted because he is innocent of this crime.
I feel it is now time to come forward with the truth.
Respectfully submitted,
M_
Angel Lopez
The motion came before the trial court for hearing. After hearing argument of counsel, the trial court summarily denied the motion, ruling that the evidence “is not newly discovered and could have been obtained through due diligence.” The defen *860 dant has appealed.[2]
In order to obtain a new trial based on newly discovered evidence, a defendant must meet two requirements:
First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must also appear that neither the defendant nor defense counsel could have known of such evidence by the use of diligence. Second, the newly discovered evidence must be of a nature that it would probably produce an acquittal on retrial or yield a less severe sentence.
Davis v. State, 26 So.3d 519, 526 (Fla.2009) (citing Jones v. State, 709 So.2d 512, 521 (Fla.1998) (Jones II); Jones v. State, 591 So.2d 911, 915 (Fla.1991) (Jones I)).
The Rule 3.850 motion in this case was dismissed at the pleading stage. “In reviewing a trial court’s summary denial of postconviction relief, this Court must accept the defendant’s allegations as true to the extent that they are not conclusively refuted by the record.” Hunter v. State, 29 So.3d 256, 261 (Fla.2008), cert. denied, — U.S. -, 130 S.Ct. 76, 175 L.Ed.2d 53 (2009). Where deficiencies in a motion can be cured by amendment, an opportunity to amend should be given. Davis, 26 So.3d at 527.
“The determination of whether the statements [which constitute the newly discovered evidence] are true and meet the due diligence and probability prongs of Jones II usually requires an evidentiary hearing to evaluate credibility unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence.” Id.
It is certainly true that codefendant Lopez has come forward with his affidavit many years after the crime was committed in 1990, and after he entered a plea in 1991. However, the amount of time which elapsed is not dispositive. In Davis, the defendant had been convicted of first degree murder in 1987. In 2008, twenty-one years later, he filed a postconviction motion alleging newly discovered evidence, namely, that two trial witnesses recanted portions of their trial testimony. The trial court ruled that the evidence was not newly discovered. The Florida Supreme Court said that this ruling was error:
Here, as in Swafford [v. State, 679 So.2d 736 (Fla.1996),] the State’s only argument to dispute due diligence was that defense counsel had “years” to find the witness. See id. Regardless of the time span from the time of trial to the discovery of the new testimony, recanted testimony cannot be “discovered” until the witness chooses to recant. See Burns v. State, 858 So.2d 1229, 1230 (Fla. 1st DCA 2003) (“Even though the appellant knew at trial that the codefen-dant was lying, the appellant could not have gotten the codefendant to admit that he was lying earlier, and thus the recantation is newly discovered evidence that could not have been obtained earlier with due diligence.”). Logically, even if counsel had or could have located these witnesses at an earlier date such earlier date does not conclusively establish that the witnesses would have recanted their testimony at that earlier time.
Davis, 26 So.3d at 528 (emphasis added). The same logic applies in the present case.
*861 II.
The Davis court explained that there is an important distinction between the requirements (a) to plead the existence of newly discovered evidence, versus (b) the heightened requirements to establish due diligence during an evidentiary hearing. The pleading requirement is lower; the proof requirement is higher. The Davis Court said:
The postconviction trial court appears to have incorrectly applied the heightened requirements to establish due diligence during an evidentiary hearing to evaluate the allegations at a pleading stage. However, permitting a newly discovered evidence claim to proceed to an evidentiary hearing does not establish that the recanted testimony qualifies as newly discovered evidence as a matter of law. See Swafford, 679 So.2d at 739. The newly discovered evidence claim remains to be factually tested in an evidentiary hearing to determine whether the defendant has demonstrated that the successive motion has been filed within the time limit for when the statement was or could have been discovered through the exercise of due diligence. See id. The motion here was sufficiently pled to allow the opportunity to prove through the testimony of witnesses that the threshold requirement of due diligence was satisfied. Accordingly, the postconviction trial court erred in summarily denying this claim on the basis that the pleading failed to sufficiently satisfy the due diligence requirement at that stage of the proceeding.
26 So.3d at 528-29.
Codefendant Lopez’s affidavit states that he “did not come forward with this information [exonerating the defendant] sooner, as I was afraid that the Office of the State Attorney would take away my plea offer. I took the plea and then refused to testify. I was ignorant of the law and was afraid that if I had not cooperated with the State Attorney, then my plea would have been refused.” For pleading purposes, we are required to accept that statement as true. The majority opinion says that this statement is nonsensical, majority op. at 857, by which the majority opinion means that codefendant Lopez was wrong about the law. For present purposes, however, we are required to accept the proposition that the defendant did not know the law — which is what his affidavit says — and believed that any cooperation would jeopardize his plea. He states that he refused to testify.
Notwithstanding the codefendant’s ignorance of the law, it is in theory possible that this defendant’s counsel could have called codefendant Lopez to the stand and requested an order from the judge to compel him to testify. Given that the codefen-dant believed testimony would jeopardize his plea agreement, we must assume for present purposes (based on the affidavit) that the defendant would have persisted in his refusal to testify or at least, declined to testify in a way that would assist the defense.
In its brief, the State contends that the Rule 3.850 motion should have more allegations than it does. The State argues:
[T]he Rule 3.850 motion alleges there was contact between the defendant or defendant’s counsel and codefendant Lopez shortly prior to the start of Norde-lo’s trial. Allegations as to what transpired at that time — whether Lopez said he would cooperate after his own case was over; whether he said he would incriminate the defendant; or whether he said nothing at all — would be essential to any determination of whether Nordelo exercised due diligence when *862 failing to contact Lopez some 17 years after Nordelo’s trial.
Answer Br. of Appellee at 15. The State continued by saying, “The State notes that insofar as the motion was denied as legally insufficient, the denial should have been without prejudice, under Spera v. State, 971 So.2d 754, 761 (Fla.2007), to file an amended motion with further allegations regarding due diligence.”
While the State sees the issue as a pleading matter which should be resolved by conferring leave to amend, this writer believes the case law indicates that where the existence of newly discovered evidence has been pled, and there is a question whether the defendant exercised due diligence, the proper procedure is to conduct an evidentiary hearing at which evidence will be taken on the due diligence issue, as well as the other issues presented. The Hunter case, previously cited, is illustrative. James Hunter, Eric Boyd and several other individuals committed multiple crimes, culminating in multiple murders. Hunter was convicted. He requested postconviction relief claiming newly discovered evidence that codefendant Boyd had recently confessed to shooting Cooley, one of the surviving victims. Defendant Hunter alleged that Boyd previously refused to give a statement because he was promised by prosecutors that they would clear the matter up and that he should keep quiet. Id. at 262-63. The Hunter Court said:
In similar circumstances, Florida courts have found post-trial confessions from codefendants to qualify as newly discovered in the sense that the evidence was not known at the time of trial and could not have been known by the use of due diligence. See Brantley v. State, 912 So.2d 342, 342-43 (Fla. 3d DCA 2005) (remanding for an evidentiary hearing based on the affidavit of a code-fendant which stated the defendant was not present and was not involved in the shooting and based on the postconviction motion which alleged that defense counsel tried to obtain the codefendant’s cooperation but was refused); Roundtree v. State, 884 So.2d 322, 323 (Fla. 2d DCA 2004) (holding that the defendant’s allegations that his codefendant admitted that the defendant had no role in the robbery and that the codefendant had not testified on the defendant’s behalf because he had been coerced by the State were sufficient to state a prima facie claim of newly discovered evidence); Kendrick v. State, 708 So.2d 1011, 1012 (Fla. 4th DCA 1998) (stating that a codefendant’s sworn post-trial testimony that he lied to police and that he was told by police to say he got the cocaine from the defendant in order to keep his own prison time to a minimum qualified as newly discovered evidence because it was unknown, the codefen-dant was unwilling to give the testimony previously, and the testimony could not have been secured through due diligence); State v. Gomez, 363 So.2d 624, 626-28 (Fla. 3d DCA 1978) (treating as newly discovered evidence the post-trial affidavit of a codefendant confessing to having committed the robbery without the defendant’s assistance).
Id. at 263. The circumstances present here are comparable.
In conclusion, I respectfully suggest that under established precedent, the Rule 3.850 motion is legally sufficient and the matter should be remanded for an eviden-tiary hearing. Alternatively, as suggested by the State, any affirmance should be with leave to amend the Rule 3.850 motion.

. The State said that it would file a copy of the entire trial transcript, but did not do so. The trial court's order contemplated that excerpts from the court record would be attached, but neither the order nor the State identifies anything specific that was to be attached.