PER CURIAM.
Appellant, Billy Joe Holton, who was convicted of burglary with an assault, aggravated assault, sexual battery, kidnapping, and robbery with a deadly weapon, appeals the trial court’s order summarily denying his Motion for Post-Conviction Relief and to Vacate Judgment and Sentence filed pursuant to Florida Rule of Criminal Procedure 3.850, arguing in part that the record does not conclusively refute his claim that the newly discovered DNA evidence that is a match to his co-defendant would probably produce an acquittal on retrial. We agree and, therefore, reverse and remand for an evidentia-ry hearing. See McLin v. State, 827 So.2d 948, 955-57 (Fla.2002) (explaining that in order to affirm a trial court’s summary denial of a rule 3.850 motion based on a newly discovered evidence claim, the claim must either be facially invalid or conclusively refuted by the record, and noting that “ordinarily an evidentiary hearing is required for the trial court to properly determine ... whether the newly discovered evidence is of ‘such nature that it would probably produce an acquittal on retrial’ ”); Brantley v. State, 912 So.2d 342, 343 (Fla. 3d DCA 2005) (reversing the summary denial of a rule 3.850 motion and remanding the case for an evidentiary hearing because “we are obligated to reverse ‘unless the record shows conclusively that the appellant is entitled to no relief ”) (emphasis omitted).
REVERSED and REMANDED for an evidentiary hearing.
LEWIS, C.J., PADOVANO and SWANSON, JJ., concur.