IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STORM PATRICK WOOD,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D14-95

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed August 7, 2014.

An appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee; Crystal McBee Frusciante of The Frusciante Law Firm, P.A., Jupiter, for Appellant.

Pamela Jo Bondi, Attorney General, Charles R. McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.

THOMAS, J.

Appellant was convicted of Driving Under the Influence-Manslaughter, Felony Driving While License Suspended or Revoked, and Aggravated Fleeing to Elude a Law Enforcement Officer Causing Death. Appellant appeals the lower court's order summarily denying his Motion for Post-Conviction Relief and to Vacate Judgment and Sentence, filed pursuant to Florida Rule of Criminal

Procedure 3.850, raising seven grounds for relief. We affirm the lower court's summary denial of all but one of Appellant's claims.

In order to prevail on a claim of ineffective assistance of counsel, Appellant must show that: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A trial court may summarily deny relief without granting an evidentiary hearing if the record conclusively establishes that the defendant is not entitled to relief. <u>See</u> Fla. R. Crim. P. 3.850(d) (allowing trial court to summarily deny relief "[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief").

On appeal, Appellant asserts that the trial court erred in summarily denying Ground One of his postconviction motion, as the record did not conclusively refute his claim that his trial counsel was ineffective for failing to retain and present an independent accident reconstruction expert. We express no opinion as to the merits of Appellant's claim, but find that Appellant has alleged a facially sufficient claim under Ground One. We agree with Appellant that the record before us does not conclusively refute this claim. Accordingly, we reverse and remand for an evidentiary hearing on this issue. <u>See</u> <u>Brantley v. State</u>, 912 So. 2d 342, 343 (Fla. 3d DCA 2005) (reversing summary denial of a rule 3.850 motion and remanding for an evidentiary hearing because "we are obligated to reverse 'unless the record

2

shows conclusively that the appellant is entitled to no relief . . . .'") (emphasis omitted).

AFFIRMED in part, REVERSED in part, and REMANDED for an evidentiary hearing.

LEWIS, C.J., and OSTERHAUS, J., CONCUR.