IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHARLES MILLS,

      Appellant,

 v.

      Case No.  5D17-517

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 7, 2017

3.850 Appeal from the Circuit Court
for St. Johns County,
J. Michael Traynor, Judge.

Charles Mills, Lake City, pro se.

No Appearance for Appellee.

WALLIS, J.

      Charles Mills appeals the trial court's summary denial of his Florida Rule of

Criminal Procedure 3.850 motion for postconviction relief. In his motion, Mills alleged that

a third party, Ronnie Bright, authored an affidavit seven years after Mills's conviction,

judgment, and sentence for burglary of a conveyance. In the affidavit, Bright admitted

sole responsibility for the burglary and asserted that he was unwilling to incriminate

himself at the time of trial. The trial court summarily denied this claim, finding that Bright's

affidavit did not qualify as newly discovered evidence because Mills was aware of the

evidence at the time of trial. This court has previously concluded that a similar affidavit constituted newly discovered evidence. See Barrow v. State, 940 So. 2d 1235, 1236-37 (Fla. 5th DCA 2006); see also Brantley v. State, 912 So. 2d 342, 342-43 (Fla. 3d DCA 2005); Totta v. State, 740 So. 2d 57, 58 (Fla. 4th DCA 1999); Kendrick v. State, 708 So. 2d 1011, 1012 (Fla. 4th DCA 1998). Thus, we reverse the summary denial. On remand, the trial court must either attach a portion of the record that conclusively refutes Mills's claim or conduct an evidentiary hearing on the matter. See Barrow, 940 So. 2d at 1238; Kendrick, 708 So. 2d at 1013.

REVERSED and REMANDED with Instructions.

COHEN, C.J. and EVANDER, J., concur.