DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEAN RENE FRANKLIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-390

[November 20, 2019]

Appeal of order denying Rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 98-008627CF10B.

Ana M. Davide, Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

This is an appeal of a summary denial of a motion filed under Florida Rule of Criminal Procedure 3.850 alleging newly discovered evidence. We reverse for an evidentiary hearing on the motion.

Appellant was convicted of three counts of armed robbery of a fast food restaurant in 1999. At trial, appellant was tried with two codefendants and the trial judge granted motions for judgments of acquittal in favor of the codefendants.

Appellant has now filed an untimely Rule 3.850 motion claiming newly discovered evidence. The motion is based on an affidavit from one of the codefendants who had been acquitted at trial. The codefendant asserts that appellant was not present at the robbery and confesses that he was the person who robbed the restaurant.

Post-trial confessions from codefendants can amount to newly discovered evidence that provides an exception to the two-year time limitation of Rule 3.850(b). *See Kendrick v. State*, 708 So. 2d 1011, 1012

(Fla. 4th DCA 1998); *Brantley v. State*, 912 So. 2d 342, 343 (Fla. 3d DCA 2005); *Roundtree v. State,* 884 So. 2d 322, 323 (Fla. 2d DCA 2004).

The motion, files, and records in this case do not *conclusively* show that appellant is entitled to no relief. At an evidentiary hearing, the trial court will be able to evaluate the credibility of the claim.

*Reversed and remanded.*

GROSS, TAYLOR and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***